## CHILDERS v. CHILDERS.

No. 7387—Opinion Filed May 9, 1916.

Rehearing Denied June 6, 1916. Second Petition for Rehearing Denied April 10, 1917.

(163 Pac. 948.)

1. **Indians—Lands—Restrictions on Alienation.**

Because of the provisions of section 4 of the act of Congress approved May 27, 1908 (35 Stat. 313, ch. 199), a judgment for alimony cannot be made a lien upon the allotted lands of a full-blood Creek Indian whose restrictions have not been removed. Nor can a court award any portion of such allotted lands to the plaintiff in a divorce action as alimony.

2. **Same.**

A judgment for alimony against a full-blood Creek Indian, whose restrictions have not been removed, cannot be made a lien upon potential rents and profits arising out of his allotted lands.

(Syllabus by Rummons, C.)

Error from District Court, Muskogee County; R. P. de Graffenreid, Judge.

Action by Hattie Childers against Ben Childers for divorce and alimony. Judgment for plaintiff decreeing divorce and alimony, but denying lien, and plaintiff brings error. Affirmed.

F. B. Beall and William Neff, for plaintiff in error.

Opinion by RUMMONS, C. Plaintiff began this action in the district court of Muskogee county for a divorce from the defendant and for permanent alimony and attorney's fees The court granted an absolute divorce to the plaintiff, and awarded her attorney's fees in the sum of $40, and rendered judgment against the defendant for alimony in the sum of $2,000 and the costs of the action. The court found that the defendant is a full-blood Creek Indian and the owner of a quarter section of land in Wagoner county, Okla., which comprises his homestead and surplus allotment as a Creek Indian, and that the defendant has never had the restrictions upon the alienation of said land removed by the Secretary of the Interior. The court concluded as a matter of law that it had no power to award plaintiff any portion of said allotment as alimony, and that it had no power to decree the judgment rendered for $2,000, to be a lien upon any portion of said allotment, or to order any portion of the same sold to satisfy said judgment. The plaintiff takes no exception to the findings of fact made by the trial court, but does except to the conclusions of law above stated, and, feeling aggrieved thereby, brings this proceeding in error.

It is first contended by counsel for plaintiff that the court erred in not decreeing the judgment for alimony to be a charge upon the rents of the allotment of the defendant, especially upon that portion of the allotment constituting the surplus. Plaintiff next contends that the court erred in its conclusion of law that it had no power to award any portion of the allotment of defendant as alimony. We cannot agree with either of these contentions of the plaintiff. Section 4 of the act of Congress approved May 27, 1908, (35 Stat. 313) contains this provision:

"Provided that allotted lands shall not be subjected or held liable, to any form of personal claim, or demand, against the allottee arising or existing prior to the removal of restrictions, other than contracts heretofore expressly permitted by law."

Plaintiff's claim for alimony is a personal claim or demand upon the defendant for the support to which she would have been entitled as his wife had not his wrongdoing compelled her to sever the marital relation. It therefore comes squarely within the provisions of this act of Congress. So the court could not lawfully fix a lien upon the allotment of the defendant for such alimony or award any part of it to plaintiff as alimony.

It is earnestly contended by plaintiff that, inasmuch as the allottee was authorized to rent the allotment for a period not exceeding five years, the court ought to have declared plaintiff to be entitled to a lien upon the rents and profits of such surplus allotment so long as she might live or until the judgment was satisfied. The only way in which the potential rents of defendant's surplus allotment could be impounded for the benefit of plaintiff would be by a receivership; the receiver to take charge of such surplus allotment and collect the rents and profits thereof. Any other method of enforcing a lien upon the rents and profits would be ineffective, because the defendant could defeat the object sought to be obtained by simply refusing to lease such sur-

plus allotment. To appoint a receiver to take charge of the surplus allotment and lease the same and collect the rents and profits would be to deprive the defendant of his right to the possession thereof and subject such allotment to a personal claim or demand against him from which the act of Congress exempts it.

This seems to be a hard case, but the court below and this court are equally unable to afford the plaintiff any relief as against the allotted lands of the defendant.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.