## TIGER v. READ et al.

No. 7433—Opinion Filed July 25, 1916.
(159 Pac. 499.)

### Indians—Lands—Jurisdiction of Courts.

Under the act of May 27, 1908, c. 199, 35 Stat. 312, the person and property of minor allottees of the Five Civilized Tribes of Indians, are made subject to the jurisdiction of the county courts of the state of Oklahoma, acting under their probate jurisdiction, and the district court is without power to decree a judgment of $672 a lien against the rents and profits accruing from the allotment of a minor Creek Indian freedman.

(Syllabus by Brunson, C.)

Error from District Court, Tulsa County; L. M. Poe, Judge.

Action by George Tiger against Harlan Read and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Geo. C. Beidleman, A. A. Hatch, and J. C. Stone, for plaintiff in error.

Geo. T. Brown, for defendants in error.

Opinion by BRUNSON, C. This action was commenced on the 11th day of January, A. D. 1910, in the district court of Tulsa county, by the filing of a petition by T. J. Dawson, as next friend of George Tiger, a minor, against the defendants in error in this action. In the petition it is alleged that George Tiger is the owner of certain lands described therein, and that he is entitled to the immediate possession thereof; that the defendants, and each of them, are unlawfully keeping him out of the possession of the same.

For the purpose of this case it is not material as to what happened between the plaintiff and any of the defendants except G. E. Cassity. He filed a separate answer in which he denied the plaintiff's title and right to possession of the lands and claimed that he was the owner of said lands himself. He also denied each and every material allegation in the plaintiff's petition. The cause was tried to the court without a jury on the 13th day of December, 1911, and during the progress of the trial there was a stipulation made and entered into by and between G. E. Cassity and the next friend of said minor, in which it was agreed that said minor was the owner of the lands in question and entitled to the possession of the same, but that the minor was indebted to said G. E. Cassity in the sum of $672; that judgment should be rendered against him and in favor of said Cassity for that amount, and that the court should enter judgment against him, decreeing said amount to be a lien upon the rents and profits arising from a portion of the lands in question. This agreement was made in the presence of the court and subject to his approval. He approved the same and entered judgment accordingly.

On the 9th day of July, A. D. 1914, said George Tiger, having arrived at full age and within one year after reaching his majority, filed a petition in said cause asking that the judgment so rendered against him be modified, and that that part of the judgment which decrees said $672 as a lien against said lands be set aside for the reason that it is void, the court having no power to make the same a lien against the rents and profits arising from his allotted lands.

It is alleged in said petition that he is a citizen of the Creek Indian Nation, duly enrolled as a freedman upon the rolls made by the Commission to the Five Civilized Tribes opposite roll No. 532, and that according to the enrollment records of said commission, he reached his majority and became of age on the 1st day of August, 1913, and that the lands in question are the lands allotted to him by virtue of his being a Creek Indian freedman. That at the time the above judgment was rendered against him, he was a minor and under the age of 21 years. A certified copy of the enrollment records of the Commission to the Five Civilized Tribes, showing the date of his enrollment and his age at the time of enrollment, was attached to his petition and made a part thereof. To the petition to so modify the original judgment the defendant in error G. E. Cassity filed a demurrer, and on the 2d day of January, 1915, it was by the court sustained, to which ruling of the court the plaintiff in error excepted and refused to plead further, whereupon the court dismissed the petition and an appeal was prosecuted from said judgment to this court.

The question for our consideration is: Did the court err in sustaining the demurrer to the petition of the plaintiff in error to modify the judgment? The demurrer admits that the court entered the judgment against said minor for $672, while he was a minor, and that

said amount was decreed to be a lien upon the rents and profits of his allotted lands; admits that he was a minor and a Creek Indian freedman; that the land in question is his allotment; admits the truthfulness of the census card and enrollment record attached to said petition and made a part of it —in fact it admits all the statements set out in the petition to modify the judgment.

The vital question here for our consideration is, whether or not that part of the judgment is valid which makes the $672 a lien upon the rents and profits arising from the allotment of a minor Creek Indian freedman. It is provided in the act of Congress of May 27, 1908, c. 199, 35 Stat. at Large, 312:

"That the persons and property of minor allottees of the Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the jurisdiction of the probate courts of the state of Oklahoma."

In this act exclusive jurisdiction is conferred upon the probate courts of the state of Oklahoma over the estates of minors, and it is specifically declared that the term minor shall include all males under the age of 21 years, and all females under the age of 18 years, and that in the management, leasing, and sale of the lands of the minor allottees of the Five Civilized Tribes the statute of Oklahoma prevails, with the single exception of the age when minority terminates, and the restriction being removed upon the alienation of this minor as to his allotted lands, the same could have been sold as the lands of other minors are sold by the proper county court of the state in the exercise of its probate jurisdiction. Prior to the act of May 27, 1908, no act of Congress had removed the restrictions upon the alienation of any part of the lands allotted to minors.

In the case of Cochran v. Teehee, 40 Okla. 388, 138 Pac. 563, the plaintiff was a minor Cherokee Indian according to the enrollment records, but as a matter of fact she was of age, and it was stipulated by and between the attorneys for the plaintiff and defendant that she was of age and that the rolls showed her to be a minor. She filed suit in the district court asking for an accounting to her by her guardian; that he be required to pay over to her the royalties and profits accruing from her allotment. The sole question presented to the court was whether the county courts, exercising probate jurisdiction, charged with the guardianship of minor members of the Five Civilized Tribes until they attained their majority as evidenced by the enrollment records in the office of the Commissioner to the Five Civilized Tribes, are charged with the guardianship of said allottees as to the profits or income derived from the allotted lands until the owner thereof attains the age of majority as shown by the enrollment records. The court, in discussing the jurisdiction of the probate courts over the person and property of minor allottees, said:

"That the statute in question placed the lands of these allottees who were minors under the jurisdiction of the probate courts of Oklahoma, and that such jurisdiction extended to a full superintending control over the lands and to the time when the said minors, as provided by the said act, attained their majority, presents a common highway which both parties to this action travel together."

And again it is said in this opinion:

"Herein is recognized that it is the intention of the lawmakers, not to withdraw the protection of the department from such allottees so far as the proceeds arising from the sale of their lands were concerned. * * * The lands of these allottees, as conceded, are subject to such jurisdiction, and we can see no reason for holding that where the lands are exchanged for money, that then the protection is removed. * * * The act provided for the retention by the probate court of jurisdiction over the lands of these allottees until they became of age as shown by the rolls, and we believe that a reasonable construction is that, until such allottee becomes of age as shown by the rolls, the disposition of his allotted lands and the proceeds thereof are subject to the jurisdiction of the probate court without reference to what extraneous proof may show with reference to his actual age, and that it was the intention of Congress that this should be so."

It will be seen that this court held that the district court had no authority to require the guardian to make an accounting to his ward of the royalties and profits arising from the allotment of said ward, and it appears to us that the effect of this decision is, that the management of royalties and profits arising from the lands of minor allottees are restricted to and within the jurisdiction of the county courts of the state acting under their probate jurisdiction. It naturally follows that if the rents and profits arising from such lands are restricted to the management of the county courts of the state acting within their probate jurisdiction, the judgment of the district court in the instant case making it a lien against the rents and profits of said minor Creek freedman is void.

In the case of Redwine et al. v. Ansley et al., 32 Okla. 317, 122 Pac. 679, the court had under consideration rents and profits arising from restricted Indian lands. It is said in the syllabus:

"Rents and profits from the allotted lands of a deceased Choctaw or Chickasaw Indian, accruing after the death of allottee, after they have been collected and paid to the heirs, cannot be subjected by creditors of de-

ceased to the payment of debts or obligations incurred by deceased prior to the time his allotments were alineable."

Also in the case of Emmett Brewer v. J. S. Dodson and American Surety Company, 60 Okla. 81, 159 Pac. 329, it is shown that Emmett Brewer was a minor Creek freedman: that he owned his allotment and considerable inherited lands, but all these lands including his own allotment were sold by his guardian through the probate court, and thereafter and while he was still a minor the district court conferred the rights of majority upon him. The guardian then had a final settlement and filed his final report in the county court. and upon a hearing thereof before the county court, said final report and settlement was approved by the court; the guardian was discharged and his bondsmen released from further liability; thereafter, and before said minor became of age, he brought suit against the guardian and his bondsmen for the amount for which the land sold. A part of the syllabus is as follows:

2.  "Where allotted and inherited lands of a minor Creek freedman allottee are sold and converted into money by his guardian, through the medium of the county court, there occurs a mere change in the form of such property, which is still charged with the trust, and remains subject to the jurisdiction of that court during the minority of the ward as defined by congressional enactment, and shown by the enrollment records."

3.  "(a) A judgment conferring rights of majority upon a minor Creek freedman allottee, regardless of fraud in its procurement, is ineffectual and void in so far as it purports to empower him to transact business as an adult with reference to the proceeds of his allotted and inherited lands, or to personally maintain an action for the recovery thereof.

"(b) And where more than three years after the rendition of such judgment the allottee, while still a minor as defined by the act of Congress of May 27, 1908, and evidenced by the enrollment records, by next friend, commenced suit against a former guardian and his surety, to recover the proceeds of the sale of his allotted and inherited lands, held, that the statute of limitations had not been set in motion as to the allottee plaintiff in such action, and interposes no bar to the relief sought."

It appears to us that if the district court is without power to confer the rights of majority upon a minor Creek freedman allottee to transact business as an adult with reference to the proceeds of his allotted lands, the district court is also without power to fix and decree a lien against the rents and profits arising from the lands allotted to such minor.

In Truskett v. Closser, 236 U. S. 223, 35 Sup. Ct. 386, 59 L. Ed. 549, it is said:

"Section 2 defines minors, male and female, and provides for the disposition of their property under, as stated, rules and regulations provided by the Secretary of the Interior, and declares that the jurisdiction of the probate courts of the state shall be subject to its provisions. And section 6 declares to what courts the property of minors so defined shall be subject. Explicitly such property is made 'subject to the jurisdiction of the probate courts of the state of Oklahoma.' The qualification 'except as otherwise specifically provided by law' means, as said by the Circuit Court of Appeals, 'Federal Law, not State Law.' "

In re Frances' Estate, 75 Pa. 224, it is said:

"It is well settled as a general rule of law, that the devise of the rents, issues and profits of land, is equal to devise of the land."

In the case of Otis v. Conway, 114 N. Y. 13, 20 N. E. 628, it was held:

"Technically, rent is something which a tenant renders out of the profits of the land which he enjoys. Equitably, it is a charge upon the estate."

It will be noted that the act of Congress of May 27, 1908, supra, says:

"That the persons and property of minor allottees * * * shall * * * be subject to the jurisdiction of the probate courts of the state of Oklahoma."

The rents and profits arising from the minor's allotment in the instant case is "property" within the meaning of this act, and the judgment of the court establishing a lien against said rents and profits equitably is a charge upon the estate, and we believe that the district court exceeded his power when he undertook to establish a lien against the rents and profits arising from the allotted lands of this minor.

"A void judgment may be vacated at any time, on motion of a party, or any person affected thereby." Revised Laws of 1910, sec. 5274; Phoenix Bridge Co. v. Street, 9 Okla. 422, 60 Pac. 221; Spies v. Stone, 40 Okla. 542, 139 Pac. 951.

Having arrived at the conclusion that that part of the court's judgment decreeing the $672 to be a lien against the allotted land of this minor Creek freedman is void, the judgment may be vacated and set aside at any time on motion of a party or any person affected thereby. The trial court, therefore, committed prejudicial error in sustaining the demurrer to the petition of the plaintiff asking that said judgment be modified.

The judgment of the trial court is reversed, and the cause remanded, with directions to him to set aside his judgment sustaining the demurrer and otherwise proceed with said cause in a manner not inconsistent with this opinion.

By the Court: It is so ordered.