## MIKE v. BANK OF COMMERCE OF OK-MULGEE.

No. 8776—Opinion Filed Nov. 26, 1918.

(176 Pac. 398.)

(Syllabus.)

1. **Removal of Restrictions—Allotted Indian Lands.**

Section 4 of the Act of Congress of May 27, 1908, c. 199, 35 Stat. 312, removing restrictions from the lands of certain allottees of the Five Civilized Tribes, makes all lands from which restrictions have been or shall be removed subject to civil burdens as though said lands were the property of other persons than allottees of the Five Civilized Tribes; but, under the proviso to said section, allotted lands cannot be subjected or held liable to any form of personal claim or demand against the allottees arising or existing prior to the removal of restrictions other than "contracts heretofore expressly permitted by law."

2. **Indians—Removal of Restrictions—"Contracts Heretofore Expressly Permitted by Law."**

The words "contracts heretofore expressly permitted by law." as used in the proviso to section 4 of said act. means contracts relating to said allotted lands theretofore expressly permitted by acts of Congress.

3. **Indians—Homestead Allotments — Levy and Sale.**

The homestead allotment of a Creek freedman. the restrictions from which were removed by the Act of Congress of May 27, 1908, cannot be subjected or held liable to levy and sale under execution for a defic-

iency judgment against the allottee of said lands rendered in an action against him on a note executed by him on March 21, 1908, and foreclosing a mortgage on his surplus allotment given as security for the indebtedness represented by said note.

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Action to quiet title by the Bank of Commerce of Okmulgee against Alex H. Mike and others, with cross-petition by defendant Mike. Cross-petition denied and judgment rendered for plaintiff, and defendant Mike brings error. Reversed and remanded, with directions to set aside the judgment and to render judgment for defendant.

Robert J. Boone. for plaintiff in error.

William M. Matthews, for defendant in error.

RAINEY, J. The parties to this action will be designated as plaintiff and defendant, according to their respective titles in the trial court.

The plaintiff, the Bank of Commerce of Okmulgee, Okla., on the 20th day of December, 1909, recovered judgment against the defendant Alex H. Mike, a Creek freedman, in the district court of Okmulgee county on a note executed by him on the 21st day of March, 1908, and foreclosing a mortgage on certain real estate given as security for the indebtedness represented by the note. Pursuant thereto, the land mortgaged was sold under execution, but did not bring enough to satisfy the judgment and costs. Subsequently, execution was issued on the deficiency judgment and levied on the homestead allotment of the said Alex H. Mike, which was attempted to be sold in satisfaction thereof: the plaintiff being the purchaser at said sale.

The instant action was instituted by the plaintiff against the said Alex H. Mike, Elizabeth Mike, James Long and William Wilson to quiet the title to said tract of land. The defendant Alex H. Mike filed an answer and cross-petition, wherein he attacked the sale on several grounds, among others being that the purported sale and sheriff's deed to the land in controversy under which plaintiff claims title was void, for the reason that the homestead allotment of the said Alex H. Mike was not subject to execution and sale for a debt created prior to the removal of restrictions. The trial court denied the relief prayed by the defendant Mike, and rendered judgment for the plaintiff quieting its title to the land in

controversy, from which judgment Mike has appealed to this court.

The plaintiff has filed a motion to dismiss the appeal on the ground that James Long and William Wilson, who were parties defendant in the action, have not been served with summons in error. It asked for a judgment against them in the sum of $240, which was denied by the trial court. No cross-appeal was filed by the plaintiff, and these defendants have not appealed. The judgment has become final as to them, and we are unable to see how their interests would be affected in the event of a reversal of the judgment. The motion to dismiss is therefore overruled.

The principal question presented by the appeal is: Was the homestead allotment of Alex H. Mike, the Creek freedman defendant, subject to sale on execution in satisfaction of the deficiency judgment rendered on a debt contracted by him on the 21st day of March, 1908? It is admitted that, at the time the indebtedness was incurred, the homestead allotment of Alex H. Mike in controversy was restricted, and that such restrictions were subsequently removed by the Act of Congress of May 27, 1908 (35 Stat. L. 312). Section 1 of said act removed the restriction against voluntary alienation by the allottee on said homestead land. However, section 4 of said act is as follows:

"That all lands from which restrictions have been or shall be removed shall be subject to taxation and all other civil burdens as though it were the property of other persons than allottees of the Five Civilized Tribes; provided, that allotted lands shall not be subjected or he'd liable, to any form of personal claim, or demand, against the allottees arising or existing prior to the removal of restrictions other than contracts heretofore expressly permitted by law." (Emphasis ours.)

While the first part of this section makes allotted lands from which restrictions have been removed subject to civil burdens the same as the property of other persons than allottees of the Five Civilized Tribes, the proviso specifically states that such allotted lands shall not be subjected or held liable to any form of personal claim or demand against the allottees arising or existing prior to the removal of restrictions other than contracts therefore expressly permitted by law. Although it is conceded that the indebtedness upon which the judgment against Alex H. Mike was rendered was contracted on March 21, 1908, prior to the removal of the restrictions from his homestead allot-

ment, it is contended by counsel for plaintiff that such indebtedness is of the character for which the land is made liable by section 4; that the demand against the allottee arises out of a contract theretofore "expressly permitted by law," and therefore falls within the exception to the proviso. Counsel say that Congress meant, by the words "other than contracts heretofore expressly permitted by law," contracts which the law of the state recognized as valid, and that the obligations from which the allotments are exempted by section 4 are those arising from torts. The argument is further made that Alex H. Mike had a legal right to contract the indebtedness on March 21, 1908. Certainly he had the right to borrow money and give his note and a mortgage on his unrestricted surplus as security therefor; but we do not believe Congress intended that these allotted lands from which the restrictions were removed by the Act of May 27, 1908, should be subjected to forced sale on account of any debt created prior to the removal of the restrictions, for such a construction of the act would nullify the protection theretofore thrown around the allottees against the improvident alienation of their lands, and the removal of the restrictions therefrom, in many instances, would not inure to the benefit of the allottees, but only to the benefit of their creditors. When we bear in mind that the subject being legislated on was the allotted lands of citizens of the Five Civilized Tribes, it seems clear to us that, in making the exception of "contracts heretofore expressly permitted by law," Congress had reference to contracts theretofore expressly permitted by acts of Congress, whose exclusive province it was to legislate on said matters.

In Walker et al. v. Brown, 43 Okla. 144, 141 Pac. 681, this court had under consideration an act of our state Legislature, section 8341 Rev. Laws of 1910, which provided that "no person who is prevented by law from alienating, conveying or incumbering real property while living shall be allowed to bequeath same by will," and held the words "prevented by law" meant prevented by the law of the state. We think the principle is analogous, for in laws enacted previous to the Act of May 27, 1908, Congress had granted certain allottees of the Five Civilized Tribes, such as the allottee in this case, a measure of control over their allotments, and to that end had permitted them to make certain contracts, and these are doubtless the contracts referred to in the act. There-

fore the homestead allotment of Alex H. Mike could not be subjected or held liable for the debt contracted by him on March 21, 1908.

And this court and the United States courts have consistently held that, where allotted lands of members of the Five Civilized Tribes are exempt from forced sale under the acts of Congress, any attempted sale in violation of said acts is void. Childers v. Childers, 62 Okla. 130, 163 Pac. 948; Roth v. Union National Bank, 58 Okla. 604, 160 Pac. 515; Western Investment Co. v. Kistler, 22 Okla. 222, 97 Pac. 588; In re Davis' Estate, 32 Okla. 209, 122 Pac. 547; In re Washington's Estate, 36 Okla. 559, 128 Pac. 1079; In re French's Estate, 45 Okla. 819, 147 Pac. 319; Choctaw Lumber Co. v. Coleman, 56 Okla. 377, 156 Pac. 222.

This cause is therefore reversed and remanded, with directions to the trial court to set aside the judgment in favor of the plaintiff and to render judgment in favor of the defendant in accordance with the views herein expressed.

All the Justices concur.