**FIRST STATE BANK OF HEWITT v. LOWERY et al.**

No. 8891—Opinion Filed Feb. 25, 1919.

(178 Pac. 983.)

(Syllabus.)

1. **Indians—Alienation of Land—Judgment During Minority.**

Lands allotted to a Choctaw Indian of one eighth blood are not subject to sale on execution after he becomes of age, to satisfy a judgment rendered against him during his minority.

2. **Indians — Lands — "Restriction Against Alienation."**

The minority of a Choctaw Indian of one-eighth blood is a restriction against alienation of lands allotted to him in any manner except by a guardian duly authorized by proper proceedings in the county court.

Error from District Court, Murray County; F. B. Swank, Judge.

Action by Joseph H. Lowery and others against the First State Bank of Hewitt, Okla. Judgment for plaintiffs, and the defendant brings error. Affirmed.

Sigler & Howard, for plaintiff in error.

Potterf, Gray & Disney and C. O. Bunn, for defendants in error.

OWEN, J. This action was brought by defendants in error to recover certain lands allotted to Jos. H. Lowery, Choctaw Indian of one-eighth blood, and held by Caudill under conveyance from the allottee. The bank claims title to the land under execution sale on a judgment rendered against the allottee. Judgment below was for the plaintiffs. The bank brings the case here.

The question necessary for determination is whether the lands allotted to a one-eighth Choctaw Indian may be sold on execution after he becomes of age, to satisfy a judgment rendered against him during his minority.

Under the provisions of section 4, Act of Congress May 27, 1908 (35 Stat. L. 312, c. 199), this land was not liable for this claim against the allottee which arose prior to removal of restrictions. Mike v. Bank of Commerce, 71 Okla. 190, 176 Pac. 398; Barnard v. Bilby, 68 Okla. 63, 171 Pac. 444.

It is contended by counsel that under section 1 of that act this land was free from any restrictions within the meaning of the act. With this we do not agree. Section 6 of the act provides that property of minor allottees shall be subject to the jurisdiction of the probate courts of the state, and no provision is made for the sale of lands held by minors except through probate proceedings. It has been repeatedly held in effect that minority is a restriction upon alienation of such lands within the meaning of this act, and that such lands can only be conveyed by a guardian authorized in a proper proceeding in the county court. McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Tiger v. Read, 60 Okla. 106, 159 Pac. 499;

Eagan v. Ingram, 58 Okla. 766, 161 Pac. 225; Barnard v. Bilby, supra; Crow v. Hardridge, 73 Oklahoma, 175 Pac. 115; Etchen v. Chency, 235 Fed. 104, 148 C. C. A. 598.

The judgment of the lower court is affirmed.

All the Justices concur.