## POSEY v. ABRAHAM et al.

No. 21300. Sept. 26, 1933.

Norman Barker, for plaintiff in error.

Wm. L. Cheatham, for defendants in error.

WELCH, J. Plaintiff in error commenced this action in the district court of Creek county, Okla., on April 10, 1928, against the defendants in error, for the cancellation of a sheriff's deed under which the defendants in error claimed title to certain real estate which is a portion of plaintiff in error's allotment of land as a member of the Creek Tribe of Indians. Plaintiff also sought recovery of the land, the cancellation of various other instruments, and the quieting of his title. The parties appear herein in the same relative position occupied by them in the district court, and will be referred to in this opinion as plaintiff and defendants.

The plaintiff is a duly enrolled member of the Creek Tribe of Indians; is enrolled as a minor Creek No. 40 as of one-sixteenth Indian blood, and was born on January 4, 1906, according to the enrollment records. He became of age January 4, 1927. The lands involved herein are portions of his surplus and homestead allotment of land as a member of the said tribe of Indians.

Some time prior to January 4, 1927, and while plaintiff was yet a minor, there was instituted in the district court of Tulsa county, Okla., an action wherein said court con-

ferred upon plaintiff his majority rights, and at about the same time, and also prior to January 4, 1927, the plaintiff executed his promissory note to one H. S. Williams in the principal sum of $300. This note was given as attorney's fee for legal services performed by Mr. Williams for the minor in the suit in which majority rights were conferred, and for other services which had been performed by the same attorney for the minor's guardian prior to that time.

On January 10, 1927, the said H. S. Williams brought a suit in the district court of Creek county, Okla., against the said Charles K. Posey upon this note. Upon the same day the petition was filed, a written confession of judgment was filed in the cause as follows:

"In the District Court of Creek County, Oklahoma, No. 15803.

"H. S. Williams, Plaintiff, v. Chas. K. Posey, Defendant.

"Confession of Judgment.

"Comes now Charles K. Posey and personally appears in open court herein, without process being issued or served upon him and voluntarily confessed that he is indebted to H. S. Williams, plaintiff herein, in the sum of $337.95.

"And said Charles K. Posey hereby authorizes said court on the application of said H. S. Williams to render judgment against him, the said Charles K. Posey, on his said confession, for the sum of $337.95, said judgment to bear interest from date at the rate of six per cent. per annum, and for the costs of this action.

"Chas. K. Posey, Defendant."

And on the same date the court rendered judgment for plaintiff in said cause for the amount due under the note as shown by plaintiff's petition. In the instant suit the plaintiff denied having executed the above confession of judgment, but this issue was decided adversely to plaintiff's contention by a jury, and this finding is not seriously attacked by plaintiff herein.

On August 24, 1927, a writ of execution was issued in said cause, and under this writ the lands involved herein were levied upon and same were sold at sheriff's sale, confirmation thereof was had in said court, and on October 31, 1927, the sheriff's deed, which is attacked in this cause, was executed and delivered to the purchaser at said sale, who is one of the defendants herein.

This suit was instituted for the cancellation of the above mentioned sheriff's deed, and for other purposes not necessary herein

to recite, and upon issue being joined was tried to the court and jury, resulting in a judgment for the defendants, from which judgment plaintiff prosecutes this appeal.

One of plaintiff's contentions is that, under section 4 of the Act of the United States Congress of May 27, 1908 (35 Stat. 313), the real estate involved herein was not subject to levy and sale under execution in satisfaction of the judgment above referred to. The act provides:

"That allotted lands shall not be subjected or held liable to any form of personal claim, or demand, against the allottees arising, or existing prior to the removal of restrictions, other than contracts heretofore expressly permitted by law."

He contends that the indebtedness sought to be collected is clearly a personal claim or demand against the allottee arising or existing prior to the removal of federal restrictions upon the land, and therefore comes clearly within the inhibition contained in section 4, Act of May 27, 1908, supra. The defendants contend that the judgment obtained by Williams against the plaintiff, Posey, is a valid judgment, and that by reason of plaintiff's execution of the confession of judgment subsequent to his attaining full legal age, the judgment became and is a judgment by consent of the parties, and is a new and independent contract and a new obligation which plaintiff had full authority to make and enter into after he became of age, and for that reason the inhibition contained in section 4 of the Act of May 27, 1908, does not apply.

In Mortgage & Debenture Co., Ltd., v. Burrows, 75 Okla. 94, 182 P. 238, this court held:

"A 'minor' within the meaning of section 6 of Act of Cong. May 27, 1908, c. 199, 35 Stat. L. 312, includes males under the age of 21 years, and females under the age of 18 years, and an order of the district court granting such minor the rights of majority does not confer upon him or her the authority to do any act affecting at the time, or thereafter, his or her allotted lands independent of the jurisdiction and supervision of the county courts of the state.

"The qualification in section 6 of Act of Cong. May 27, 1908, c. 199, 35 Stat. L. 312, 'except as otherwise specifically provided by law,' means federal law, and not state law.

"Lands allotted to a Choctaw Indian of one-fourth blood are not subject to sale on execution after she becomes of age, to satisfy a judgment rendered against her after reaching her majority upon an indebtedness incurred before reaching the age of 18 years."

In O'Conner v. Johnson, 107 Okla. 5, 229 P. 146, this court held in syllabus paragraph 2 thereof:

"Section 2 of the Act of Congress of May 27, 1908, defines minors '* * * and the term minor or minors, as used in this act, shall include all males under the age of 21 years, and all females under the age of 18 years.' The granting of majority rights by the courts of this state to a female Indian allottee under the age of 18 years will not operate to change the status of such minor Indian allottee as to her rights, disabilities or restrictions touching her allotted estate."

See, also, Truskett v. Closser, 236 U. S. 223, 59 L. Ed. 549, and First State Bank of Hewett v. Lowery, 72 Okla. 115, 178 P. 983.

It is clear from the last-cited cases that the conferring of majority rights upon plaintiff by the district court of Tulsa county could not in any manner affect his allotted lands, and that at the time the indebtedness was incurred by the plaintiff, section 4 of the Act of May 27, 1908, was an effective bar to any proceedings which might have been taken, having for its purpose the enforced sale of his allotted lands for the payment of the debt, although it may be conceded, as contended by the defendants, that the same was a valid personal indebtedness. We find no fault with defendants' contention that the judgment rendered against the plaintiff on the note is a valid judgment, but certainly it is true that payment of a personal judgment, although it be wholly valid, may not be enforced against Indian lands upon which federal restrictions are imposed.

The defendants say that the confession of judgment signed by plaintiff after he became of age was the voluntary creation by him of a new contract, citing in support thereof from 34 Corpus Juris, p. 129, as follows:

"A judgment by consent of the parties is a judgment the provisions and terms of which are settled and agreed to by the parties to the action in which it is entered, and which is entered of record by the consent and sanction of the court. It is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; it is the agreement of the parties, entered upon the record with the sanction and approval of the court, and is their act rather than that of the court."

They also cite the opinion of this court in Cobb v. Killingsworth, 77 Okla. 186, 187 P. 477. In the last-cited case a Creek Indian commenced suits in the district court to cancel deeds executed by her covering her allotted lands, upon the grounds that at the time of the execution of same she was a minor, and that therefore the deeds were void. When the cases were reached for trial, she having then reached her majority, she agreed with the defendants upon a judgment whereby the deeds were canceled and the defendants given a money judgment against her, covering the purchase price which had been paid for the lands, which judgment was to be a lien upon said lands to be foreclosed in the event plaintiff failed to pay the same within 90 days from the rendition of the judgment. Upon her failure to pay the judgment the lien was enforced by sale of the lands to satisfy the judgment. It will be noted that the agreed judgment in Cobb v. Killingsworth, supra, was more than an agreement that personal judgment might be had against her. It was an agreement supported by consideration that a lien might be declared upon her allotted lands for the satisfaction of the judgment. This court in deciding that case pointed out that at the time this agreement was entered into by the allottee, who was plaintiff in that case, she had become of age, and that the federal restrictions no longer applied, and that she might enter into whatever contract she chose with reference to the lands.

That case is distinguished from this case on the facts. There the judgment was rendered upon an agreement, supported by consideration, that the judgment should specifically recite that it constituted a lien on the lands, on which the deeds had been canceled. Here there was merely an acknowledgment of the correctness of plaintiff's claim of debt, and an acquiescence in its being reduced to a personal judgment—the same judgment as would have been rendered if the defendant had made default, and the same judgment as would have been rendered if Posey had appeared and resisted judgment, assuming the claim of debt and the promissory note to be valid. The confession only operated here to waive any defenses to a personal judgment, or the right to interpose any defenses. The facts here are not at all dissimilar to the state of facts in Mortgage & Debenture Co., Ltd., v. Burrows, supra, which we consider is controlling in this case. The plaintiff there, who was a Choctaw Indian, had her majority rights conferred upon her by the district court of Garvin county on August 15, 1910. She became of age August 24, 1913. After the court conferred her majority rights upon her, she executed a note and real estate mortgage, the mortgage covering portions of her allotment as an Indian

citizen. After she became of age she brought suit in the district court of Garvin county and recovered judgment canceling the mortgage on her land as a cloud on her title, and at the same time the court rendered a judgment against her for the amount due on the note. Subsequent to the rendition of this judgment, execution was levied against her allotted lands to satisfy the judgment, and this court enjoined the sale of same for the reason that such a sale would have been in violation of a provision of the Act of Congress similar in effect to section 4 of the Act of May 27, 1908.

In the instant case it cannot be said that the confession of judgment did more than to agree that a personal judgment for a certain amount might be rendered against this plaintiff. It contained no provision that the judgment might be a lien upon any of his land, nor can it be said from an examination of the record that the plaintiff at the time of the execution of the confession of judgment intended that same should in any way affect his allotted lands. The entire amount of the indebtedness for which the judgment was rendered was contracted prior to the date of plaintiff's arriving at legal age, and under the authorities cited we can see no reason why the same does not come clearly within the plain intent and meaning of section 4 of the Act of Congress of May 27, 1908.

A judgment by consent, in order to become a new agreement of the parties, must be in strict conformity to the agreement, "* * * the judgment entered must conform to the terms agreed upon by the parties, and the court has no power to add conditions or provisions which the parties have not agreed on." 34 C. J. 133.

Having reached the above conclusions, which we consider determinative of the issue herein, we shall not lengthen this opinion by a discussion of other propositions urged by the parties.

The cause is reversed and remanded, with instructions to the trial court to cancel the sheriff's deed as prayed in plaintiff's petition.

RILEY, C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and BUSBY, JJ., absent.