430

Leander Hall, of Hominy, for plaintiff in error.

Chas. R. Gray and W. N. Palmer, both of Pawhuska, and Kelly Brown, of Muskogee, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the district court of Osage county granting the plaintiff, Martha DeRoin, a divorce, and warding her alimony out of the property of the defendant, Ruben H. DeRoin. Defendant does

not appeal from the decree of divorce, but complains of the award of alimony.

The trial court found that the defendant had been unfaithful to his marriage vows during the married life of the parties; that the plaintiff was without fault; awarded the plaintiff a one-fourth interest in 80 acres of restricted land owned by defendant, or in the event the Secretary of the Interior would not approve a conveyance of said interest, the sum of $10,000 with interest at 6 per cent from the date of the decree, and awarded the attorneys for plaintiff a fee of $1,000 to be paid by defendant.

From the evidence it appears that plaintiff is a fullblood Osage Indian, 55 years of age at the time the case was tried on August 6, 1945, and defendant is a fullblood Otoe Indian, 40 years of age at the time of trial. The parties were married on July 23, 1931, and no children were born of said marriage, nor did the parties jointly acquire any property during the existence of the marital relation. Each party was possessed of some property at the time they were married, plaintiff owning the surface of some 490 acres of land in Osage county, including her home place near Hominy, which embraced 120 acres, while defendant, at the time he was married, was the owner of 160 acres of land in Pawnee county which he inherited from his mother, 80 acres of which he subsequently alienated. In 1943 oil in paying quantities was discovered upon the 80 acres of land retained by him. While defendant contends that plaintiff was also unfaithful to her marriage vows, the trial court found to the contrary, and we think the evidence justifies said finding.

Defendant here contends that from the evidence it is apparent that plaintiff has sufficient separate property to enable her to maintain herself in her accustomed state, and that, therefore, the trial court erred in awarding her any alimony whatever. Defendant cites in support of this contention Privett v. **Privett, 93 Okla. 171, 220 P. 348, and** Davis v. Davis, 61 Okla. 275, 161 P. 190.

We do not think these cases applicable or controlling in the instant case. Our statute governing the allowance of alimony in an action where the wife is granted a divorce because of the dereliction of the husband, is 12 O.S. 1941 §1278.

It is to be noted that the said statute provides for alimony out of the husband's property in addition to the restoration to the wife of her separate property, and the allowance of alimony is not confined to cases in which the separate property of the wife does not produce sufficient income to support her.

In Anderson v. Anderson, 140 Okla. 168, 282 P. 335, referring to the above statute, we said:

"This section contemplates the restoration to the wife of her property, alimony, and division of jointly acquired property. Under such circumstances, she is certainly entitled to all of her own property and to her fair share of the jointly acquired property. In addition to that, it is the duty of her husband to support her, and she is entitled to alimony, which, since the time of Poloke v. Poloke, 37 Okla. 70, 130 P. 535, Ann. Cas. 1915B, 793, has been defined to be '. . . an allowance which the husband pays, by order of court, to his wife for her maintenance while living separate from him, . . . after the divorce is granted'."

See, also, Silva v. Silva, 81 Okla. 159, 197 P. 165.

Where, as here, the parties each possess separate property, the statute above quoted permits an award of alimony to the wife where the divorce is granted because of the fault of the husband, and the separate property and income of the husband reasonably warrant such award. The fact that the income from the separate property of the wife may be sufficient for her maintenance and support does not preclude the making of such an award to her if, from all the

facts and circumstances in the case, it would be just and equitable to do so. We think the facts and circumstances in the instant case justify the award of alimony to the plaintiff.

From the record it appears that during the entire married life of the parties, defendant lived at the home of the wife, and their living expenses were paid from her income; that in addition she expended money at various times in extricating him from difficulties in which he was involved, and, according to her testimony, for a considerable time sustained and maintained his parents and family. She testified that at the time she married defendant she had on deposit in the Osage Agency approximately $50,000, and that at the time the case was tried only $1,700 of that amount remained. Just how the money was expended is not shown, although defendant testified that plaintiff, who was apparently religiously inclined, frequently held camp meetings at which she spent large sums in providing food for considerable numbers of people in order to procure their attendance. It appears that defendant did not contribute any substantial amount to the living expenses of the family, but that his contribution thereto was negligible. It also appears that while plaintiff is the owner of the surface rights on some 490 acres of land, the mineral rights being held by the Osage Tribe, her income therefrom is small. Her principal income is derived from Osage headrights, from which she receives approximately $200 per month.

On the other hand, the evidence shows that the oil produced from the defendant's land, only one well having been drilled thereon, pays him royalty in excess of $600 per month; that he has on deposit with the Superintendent of the Indian Agency at Pawnee some $3,514, and owns government bonds of the face value of $7,500.

Defendant asserts that in event we hold that the trial court properly exercised its discretion in granting alimony, the amount thereof was excessive, citing Mosely v. Mosely, 171 Okla. 150, 42 P. 2d 237; VanHorn v. VanHorn, 189 Okla. 624, 119 P. 2d 825; and Haynes v. Haynes, 190 Okla. 596, 126 P. 2d 65.

Examination of those cases discloses that the financial condition of the parties therein involved was in no wise similar to that of the parties in the instant case.

In the instant case defendant has no dependents, his land is producing a substantial income, and he has lived at the expense of plaintiff for some 15 years, his sole contribution thereto, aside from insignificant expenditures on rare occasions, being the fact that he assisted her in looking after the farming operations of the home place for some six or seven years, she paying out of her individual income all expenses for labor, repairs and supplies. Taking into consideration all these facts and circumstances, we do not consider the award of $10,000 excessive.

Defendant further contends that the judgment is an alternative judgment and is, therefore, void, and that if it is not void, the trial court was without power to grant to plaintiff a one-fourth interest in defendant's restricted land. We agree that the court could not, by its decree, divest defendant of any interest in his destricted land. Bilby v. Malone, 130 Okla. 217, 266 P. 760; Mott v. United States, 283 U.S. 747, 75 L. Ed. 1385, 51 S. Ct. 642; In re French's Estate, 45 Okla. 819, 147 P. 319; Childers v. Childers, 62 Okla. 130, 163 P. 948. All these cases hold that the restricted land of Indians may not be alienated involuntarily, but that the Acts of Congress contemplate voluntary conveyances by the Indian, subject to the approval of the Secretary of the Interior or other supervising officer.

We do not think the cases cited by plaintiff, to wit: Ganas v. Tselos, 157 Okla. 107, 11 P. 2d 751, Worley v. Carroll, 110 Okla. 199, 237 P. 120; Globe v. Bell Oil & Gas Co., 97 Okla. 261, 223 P. 371, are applicable.

Defendant also asserts that payment of the judgment cannot be made from restricted funds. The trial court made no such requirement in its decree, nor did it attempt to fix a lien upon the restricted land, or provide for the appointment of a receiver, which we held in Childers v. Childers, supra, was beyond the power of the court. Whether the judgment is collectible, and if so in what manner its collection can be enforced, is not now presented for determination.

The judgment of the trial court, in so far as it attempts to award to plaintiff an interest in the restricted lands of defendant, is vacated. The judgment awarding plaintiff alimony in the sum of $10,000, and an attorney's fee of $1,000 to her attorneys, is affirmed.

Costs of this appeal are hereby divided equally between the parties hereto.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur. RILEY, J., dissents.