[No. 9271.   Department One.   April 25, 1911.]

MARY SMITH, *Respondent*, v. W. L. SMITH, *Appellant*.[1]

INTEREST—JUDGMENTS—DECREE OF DIVORCE. A decree of divorce, directing the husband to pay the wife a stated sum as her proportionate part of the community property and attorney's fees, is a judgment, within Rem. & Bal. Code, § 457, which draws interest from date, the code procedure recognizing no distinctions between judgments and decrees.

DIVORCE—ALIMONY—PAYMENT—CREDITS — CONTRACTS — CONSTRUCTION. Where, on appeal from a decree of divorce awarding a sum of money in lieu of property, and $25 per month for the support of children, the appellant agreed to pay $65 for the support of the children pending the appeal in consideration of an agreement not

[1]Reported in 115 Pac. 166.

to issue execution on the judgment, the increased payments cannot be credited on the judgment, since they are supported by an independent consideration.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered June 16, 1910, upon findings in favor of the plaintiff, directing the payment of interest on a judgment rendered in an action for divorce, after a hearing before the court without a jury.   Affirmed.

*W. M. Nevins* and *Merritt, Oswald & Merritt,* for appellant.

*Robertson & Miller,* for respondent.

FULLERTON, J.—On May 25, 1909, the superior court of Spokane county entered a decree of divorce in favor of the respondent, by which the appellant was required to pay the respondent the sum of $5,000 as a part of her proportionate share of the community property of the parties, the sum of $500 for attorney's fees, and the further sum of $25 per month until the further order of the court for the maintenance and support of the children of the parties.   The appellant appealed from the decree, but the same was affirmed in this court on December 24, 1909.  *Smith v. Smith,* 56 Wash. 461, 105 Pac. 1030.   During the pendency of the appeal, the appellant paid to the respondent, for the maintenance of the children, the sum of $65 per month, under an agreement with the respondent's counsel that in consideration thereof no execution would be issued on the decree pending the appeal.   After the affirmance of the decree, the appellant paid into court the sums awarded the respondent, without interest, and this proceeding was instituted to compel him to pay interest on the judgment at the rate of six per centum per annum from the sixth day of June, 1909, that being the date fixed in the decree when the sums awarded the respondent was required to be paid.   The present appeal is from the last mentioned order.

10—63 WASH.

The appellant contends that a decree such as is involved in this proceeding does not draw interest, since interest was not specially provided for therein. He argues that such a decree is not a judgment within the meaning of the statutes, and hence, does not fall within the provisions of the statute relating to interest upon judgments. Rem. & Bal. Code, § 457. But we think the contention untenable. There is no distinction under the code between a decree and a judgment; each is the final determination of the rights of the parties in the action. Indeed, in the nomenclature of the code from which ours was so largely borrowed, the terms "decree" had no place. Previously existing forms of action were abolished, and the procedure for the enforcement or protection of private rights and the redress of private wrongs were termed "actions," the final determination of the rights of the parties therein "judgments," and the intermediary direction of the court, made in writing and not included in the final judgment, were called "orders." But it was found later in practice that, while forms could be abolished, substance could not, and that it was sometimes convenient to use the term "decree" to distinguish the final determination of the rights of the parties in a proceeding of equitable cognizance from that of a purely law action, and the legislature itself has, in certain instances, adopted this practice. See Rem. & Bal. Code, §§ 1119, 1121, 1123. Moreover, in the very act authorizing and regulating the granting of divorces, the final determination of the rights of the parties is referred to indiscriminately as the "judgment," or the "decree," once so, at least, in a single section. See Rem. & Bal. Code, §§ 991, 992, 996. But in the use of the one term for the other there was no intent to mark a distinction. Whether the final determination of the rights of the parties be called the "judgment" or the "decree" it has the same effect, and has attached thereto the same rights and privileges. We think, therefore, that the decree in the case at bar drew interest from the date it required the sums awarded the wife to be paid.

The second contention is that the appellant should be allowed a credit for the difference between the sums actually paid for the maintenance of the children during the time the appeal was pending and the sum directed to be paid by the decree. But the appellant did not pay this increased sum by way of satisfaction of the judgment. He paid it to avoid the trouble and expense of giving a supersedeas bond pending the appeal, under an agreement with the other side. This agreement was a sufficient consideration for the increased payment, and no rule of law or equity requires it to be credited as a payment made in satisfaction of the terms of the decree.

The order appealed from is affirmed.

DUNBAR, C. J., MOUNT, and PARKER, JJ., concur.