[No. 31379. Department One. November 16, 1950.]

PEGGY ANN BEROL, *Appellant,* v. JOSEPH J. BEROL *et al.,*
*Respondents.*[1]

[1]Reported in 223 P. (2d) 1055.

*Koenigsberg & Oseran,* for appellant.

*Preston, Thorgrimson & Horowitz,* for respondents.

HILL, J.—This appeal is prosecuted by the wife from the portion of the divorce decree adjudicating the property rights of the parties.

The Berol family business relationships were so unusual and so complex that no good purpose would be served by detailing them. An examination of the testimony and exhibits leaves us with an appreciation of the trial court's comment that the case is not one which lends itself to a property division on the basis of mathematical exactness. Although there are some eleven assignments of error, there are only two situations where it can be said that the trial court erred or abused its discretion, one in holding that a certain life insurance policy was the separate property of the husband, and the other in refusing to allow the wife interest on deferred payments of money awarded to her as her share of the property.

The policy on the life of the husband, with his mother as beneficiary, was taken out more than fourteen months after the parties were married. There was no attempt to establish that the payment made on the policy, a lump sum of $4,467.94, came from the husband's separate funds, save his bald statement to that effect.

The burden rests upon the spouse asserting the separate character of the property acquired by purchase during the marriage status to establish his or her claim by clear and satisfactory evidence. *E. I. DuPont de Nemours & Co.*

*v. Garrison,* 13 Wn. (2d) 170, 174, 124 P. (2d) 939, and cases cited therein. The requirement of clear and satisfactory evidence is not met by the mere self-serving declaration of the spouse claiming the property in question that he acquired it from separate funds and a showing that separate funds were available for that purpose. Separate funds used for such a purpose should be traced with some degree of particularity.

■ It is our view that the husband failed to establish the separate character of the insurance policy in question, and that its cash value of $4,961.82 should have been considered a community asset, and that the money award to the wife should be increased by one half of that amount, *i.e.,* $2,480.91.

■■ We are further of the opinion that the trial court abused its discretion in refusing to allow the wife interest on the deferred payment of $6,100 (which we have increased to $8,580.91), and that the rate should be that which judgments ordinarily bear, *i.e.,* six per cent. Rem. Rev. Stat., § 457 [P.P.C. § 677-11]. In this connection, the term "abuse of judicial discretion" is defined in *Holm v. Holm,* 27 Wn. (2d) 456, 178 P. (2d) 725, as not necessarily meaning the disposition of a case by whim, caprice, arbitrary conduct, through ulterior motive, or in wilful disregard of a litigant's rights, but rather as contemplating a discretion exercised upon grounds or to an extent clearly untenable or manifestly unreasonable. We see no good reason why the husband should have the use of the wife's money in his business without the payment of interest thereon; and if he can secure the money from someone else at a lower rate, there is nothing in the decree to prevent his doing so and paying off the entire amount to which the wife is entitled.

Respondent husband calls our attention to *Holm v. Holm, supra,* and *Colasurdo v. Colasurdo,* 27 Wn. (2d) 860, 181 P. (2d) 172, in each of which the interest rate of deferred payments to the wife was fixed at four per cent. In the *Holm* case, decided March 27, 1947, the trial court had fixed the interest rate at four per cent. An issue was raised as

to the propriety of charging interest on the deferred payments to the wife, but there was no contention that the interest rate was too low and that question was not considered. The *Colasurdo* case was decided within two months of the *Holm* case, and the interest rate allowed probably was influenced by the earlier case. In any event, while in a divorce case the trial court may, in a proper exercise of its discretion, reduce the rate or eliminate interest entirely on deferred payments which are part of the adjudication of property rights, there should be some apparent reason for giving one spouse the use, for business purposes, of the money of the other without interest or at less than the statutory rate. We see no such reason in the present case.

The judgment of the trial court is affirmed except in the two respects indicated, and the cause is remanded with instructions to make the necessary modifications in the decree. The appellant, having secured a substantial change in the property award, will be allowed costs on this appeal.

BEALS, SCHWELLENBACH, GRADY, and DONWORTH, JJ., concur.