[No. 36285.    Department Two.    December 13, 1962.]

WALLACE L. OVENS, JR., *Respondent,* v. MARJORIE F. OVENS, *Appellant.**

*Reported in 376 P. (2d) 839.

*Orville C. Hatch,* for appellant.

*David C. Hunter* and *James M. Martin,* for respondent.

OTT, J.—Marjorie F. Ovens and Wallace L. Ovens, Jr., both of whom had been previously married and divorced, were married March 31, 1948. At the time of the marriage, Marjorie F. Ovens was engaged in clerical work at the Boeing Airplane Company, but was not employed thereafter. She owned personal property of an estimated value of $3,380, consisting of household furniture, war bonds, and a savings account. Wallace L. Ovens, Jr., was an appliance salesman. He owned an automobile worth approximately $2,500 and a savings account of $150.

From 1954 until 1959, Wallace L. Ovens, Jr., received from his mother's estate cash distributions, various stocks and bonds, and household effects, totaling approximately $21,255. From the first distribution of the inheritance, he purchased a lot for $3,100, upon which they later constructed a home valued at approximately $36,500. He was gainfully employed at all times during the marriage, and, in 1959 and 1960, his gross earnings were in excess of $7,000 a year.

October 4, 1960, Wallace L. Ovens, Jr., filed a complaint for divorce in the Superior Court for King County, and prayed for custody of their son, Wayne, and an equitable division of the property.

Marjorie F. Ovens answered the complaint, and cross-complained for divorce, praying that she be awarded custody of the child, a 1956 Cadillac DeVille sedan, the home of the parties, the household furniture, except certain items inherited by plaintiff, plus one half of the community savings, and a policy of insurance on her life. She further prayed for alimony payments of $250 a month, and such sum for the support of Wayne as the court deemed reasonable.

The cause proceeded to trial. The court entered findings of fact, conclusions of law, and a decree in which both parties were granted a divorce. The custody of Wayne was awarded to Marjorie F. Ovens, with visitation rights reserved to Wallace L. Ovens, Jr. The court made a division of the property, awarded the defendant $125 a month for the support of Wayne for a period of 2 years, and $150 a month thereafter "until the child becomes self-supporting, or reaches the age of 21 years, whichever event first occurs." The defendant was awarded $125 a month as alimony for a period of 2 years.

Marjorie F. Ovens has appealed.

Appellant asserts that the court abused its discretion in making the division of the property of the parties for the reason that it was unequal, and that certain community property was determined to be separate property.

In a divorce proceeding, the total property of the parties is before the court for equitable division. RCW 26.08.110. The characterization of it as either separate or community property is not controlling. *Patrick v. Patrick,* 43 Wn. (2d) 139, 260 P. (2d) 878 (1953), and cases cited. An equitable division of the total property involved does not entail a right to an equal division of the separate property. *Patrick v. Patrick, supra.* The court properly awarded to each of the parties, respectively, their traceable separate property, and divided the community property equally. This division awarded a greater portion of the total property to the respondent, due to his inheritance. The fact that the award to each spouse of his or her separate property re-

sulted in unequal portions was not error. The division was equitable in view of respondent's inheritance, and the obligations of support, alimony, court costs and attorneys' fees, which were imposed upon him. The court did not abuse its discretion in the division it made of the property.

The appellant next assigns error to the court's limiting the award of alimony to a term of 2 years. The court found that

" . . . the defendant is afflicted with certain physical infirmities, including a thyroid condition, post-phlebitic lymphoedema and a pelvic endometriosis. The defendant is not an invalid, and she can, in time, rehabilitate herself and find useful employment."

The court determined that the appellant, although not an invalid, did have physical infirmities which prevented her from engaging in gainful employment. There is evidence in the record which sustains the finding that the appellant should be able to rehabilitate herself within a period of 2 years. The appellant does not assign error to the amount of the monthly alimony payments, but simply to their automatic termination in 2 years.

Alimony provisions are subject to modification upon a proper showing of changed conditions and need. *Berry v. Berry,* 50 Wn. (2d) 158, 310 P. (2d) 223 (1957); *Millheisler v. Millheisler,* 43 Wn. (2d) 282, 261 P. (2d) 69 (1953); *Duncan v. Duncan,* 25 Wn. (2d) 843, 172 P. (2d) 210 (1946); *Bartow v. Bartow,* 12 Wn. (2d) 408, 121 P. (2d) 962 (1942). In the event that, at the end of the 2-year period, the evidentiary expectation upon which the trial judge premised his finding has not, in fact, materialized, and upon a showing of need, the continuance of the alimony allowance can be reviewed by the trial court at that time. Because alimony allowances are subject to subsequent review, the court did not abuse its discretion in fixing the term of the alimony award.

Appellant assigns error to the court's failure to allow interest upon the deferred payment of a $6,500 property award. As a part of the property division, the court granted the appellant the sum of $6,500. In lieu of an immediate

payment thereof, the court awarded appellant "a lien in the sum of $6,500.00 against the real estate located at 1718 Blue Ridge Drive . . . payable within a period of 24 months from the date of entry of the Decree herein."

We adhere to the rule announced in *Berol v. Berol*, 37 Wn. (2d) 380, 223 P. (2d) 1055 (1950), that it is an abuse of discretion, in the absence of a sound reason, to fail to provide for interest upon deferred payments allowed in an equitable division of property. In the instant case, as in the cited case, there is no apparent reason why the respondent should have the use of appellant's award without interest.

Appellant next assigns error to the court's disallowing the payment of support to her during the month of July of each year, when the physical custody of Wayne is with the respondent. It is urged that, during the month of July, it is necessary for appellant to continue to maintain her home and furnish the required utilities. These items are provided for in the court's allowance of alimony to the appellant. The court did not abuse its discretion in relieving the respondent of the duty of providing double support for their son during July of each year.

Finally, appellant asserts that the trial court erred in denying her request for attorneys' fees and costs on appeal, and urges that, upon the record, this court should exercise its statutory authority (RCW 26.08.090), and allow appellant attorneys' fees and costs.

The test with reference to the allowance of attorneys' fees and costs is based upon the need of the one requesting them and the ability of the other to pay. *Moore v. Moore*, 60 Wn. (2d) 62, 371 P. (2d) 630 (1962); *Kain v. Kain*, 51 Wn. (2d) 387, 318 P. (2d) 955 (1957); *Koon v. Koon*, 50 Wn. (2d) 577, 313 P. (2d) 369 (1957). The respondent recognizes the rule, but asserts that the record does not establish need on the part of the appellant, and, in oral argument, suggested that appellant could sell the 1956 Cadillac automobile to finance her appeal.

Appellant was awarded household furniture, an

automobile, a $6,500 lien on the family home, payable within 2 years, her personal effects, "All life insurance policies upon her life," and a $90 income tax refund. None of these items was income producing property. Further, the trial court found that the appellant was presently physically unable to support herself. Nor did the court indicate that the support and alimony allowances were contemplated to be sufficient to encompass payment of attorneys' fees and costs on appeal. Appellant has established need, and the respondent's ability to pay is not in question. Based upon these facts, we will allow the appellant $500 attorneys' fees, in addition to her costs on this appeal.

The decree of divorce is modified by the allowance of interest at the rate of 6 per cent per annum on the deferred payment of the $6,500 property award from July 14, 1961, until paid. As so modified, the decree is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.