[No. 40378.    Department Two.    October 23, 1969.]

MARJORIE K. BOWMAN, *Respondent,* v. J. BURTON BOWMAN, *Appellant.**

*O'Leary, Meyer & O'Leary* and *Ernest L. Meyer,* for appellant.

*Foster & Foster,* for respondent.

LEAHY, J.†—This is an appeal from an order modifying a previous decree of divorce with respect to alimony payments.

After 25 years of marriage, respondent wife, then 51 years of age, instituted divorce proceedings against the appellant. At that time respondent had two children from a prior marriage who had been adopted by appellant. Both children had reached their majority at the time of the divorce.

During the pendency of the divorce proceedings appel-

*Reported in 459 P.2d 787.

†Justice Leahy is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amendment 38).

lant paid Mrs. Bowman $375 per month. By the terms of the property settlement agreement, respondent was awarded the family home, subject to two-thirds of the existing mortgage ($14,172.69), in the amount of $9,448.46, with payments of $100 per month, an automobile, certain stocks, and an insurance policy on her own life. The court ordered appellant to pay $375 per month for 2 years as support for respondent, it being the belief of the parties that respondent would become self-supporting by the end of that period of time.

During the 2-year period, respondent enrolled in a vocational school and also received the equivalent of a high school diploma. She was not in good health, either physically or emotionally, during this time, however, and was able to work only part-time, receiving an average monthly income of $150.

A month before the end of the 2-year period, respondent petitioned the court to modify the decree and award her $275 per month for an additional 2 years. The appellant was at this time earning $1,200 per month. Although the petition to modify the divorce decree was filed in January, 1967, the memorandum decision handed down after hearings on 4 separate days, was not filed until June 30, 1967. Six days previous to that date the respondent (seemingly unknown to the court) had remarried.

Following respondent's remarriage, appellant filed a motion to reopen the matter. The trial court then modified the decree to provide that appellant's obligation to support respondent be continued beyond the original 2-year period, for a period of 3 months (up to the date of respondent's remarriage). Respondent was to receive a total amount of $450 at the rate of $150 per month. The trial court found that at the entry of the original decree the parties anticipated that respondent would be employed and fully self-supporting at the end of the original 2-year period. However, the anticipated situation of being fully self-supporting had not materialized, through no substantial fault of respondent. The court found that this was a material change of conditions and that she was, therefore, entitled to the

continuation of alimony from the time she filed the petition of modification to the time of her marriage, particularly in view of the fact that she owed approximately $800 worth of debts accrued after the divorce and prior to her remarriage.

Appellant now appeals from the modification, alleging that the trial court erred in granting respondent any alimony other than that provided for in the original divorce decree. He contends that the allegation that respondent is not fully self-supporting is no longer material in view of her remarriage and that the payment of alimony should not be extended to pay respondent's preexisting debts, as that would be an attempt to retroactively modify the original order.

With these contentions we must disagree. The primary purpose of the payment of support to respondent by appellant for a period of 2 years was to enable her to become self-supporting by the end of that period through additional training and work experience.

There was ample evidence upon which the lower court could, and did find, that the anticipated self-supporting status did not come into fruition at the end of the 2-year period and that this occurred through no appreciable fault of the respondent. The court rightly concluded that this established a material change in conditions, and justified the modification of the decree by extending the alimony payments for 3 months.

■ While the court took into consideration the presence of respondent's debts, which accrued during the original 2-year period, this did not mean that the court was attempting to retroactively modify the original 2-year support order. *See Pishue v. Pishue,* 32 Wn.2d 750, 203 P.2d 1070 (1949).

Rather, the court, taking into consideration the presence of debts, whenever accrued, and respondent's current financial condition up to the time of her remarriage, simply extended the support on the basis of a material change of conditions for 3 months at the reduced amount of $150 per month.

There is no question that the court had the authority to do this. In *Ovens v. Ovens,* 61 Wn.2d 6, 9, 376 P.2d 839 (1962) this court held:

In the event that, at the end of the 2-year period, the evidentiary expectation upon which the trial judge premised his finding has not, in fact, materialized, and upon a showing of need, the continuance of the alimony allowance can be reviewed by the trial court at that time.

■ As to the period of time for which the court made the extension effective, *see Chase v. Chase,* 74 Wn.2d 253, 259, 444 P.2d 145 (1968):

In a situation warranting modification of child support or alimony, the court may make the modification effective either as of the time of filing the petition or as of the date of the decree of modification, or as of a time in between, but it may not modify the decree retroactively.

Appellant also assigns error to the trial court's judgment awarding respondent $125 for attorney's fees. The record indicates that there was adequate evidence of respondent's need, and of appellant's ability to pay, upon which the court could and did make this allowance. Taking into consideration the rather unusual number of hearings that this case consumed, the amount of $125 allowed was rather minimal.

In *Christopher v. Christopher,* 62 Wn.2d 82, 90, 381 P.2d 115 (1963), this court stated:

The allowance of fees to either party is governed by the needs on the one hand and the financial ability to pay on the other. The same rule follows on appeals and proceedings to modify the divorce decree.

An attorney's fee of $100 will be allowed respondent in connection with the appeal to this court.

The judgment is affirmed.

HUNTER, C. J., FINLEY, ROSELLINI, and NEILL, JJ., concur.