322

STUART SCHIRMANN, *Appellant,* v. AGRICULTURAL SCIENCES, INC., *Respondent.*

*Sherwood & Forrest* and *Robert B. Sherwood,* for appellant.

*Russell Millhouse,* for respondent.

JAMES, C. J.—Stuart Schirmann leased an elaborate mechanical berry harvester from Agricultural Sciences, Inc. He deposited $2,500 with Agricultural Sciences to secure payment of yearly rent due in accordance with the lease agreement. Although the agreement provided that Schirmann was to lease the machine for just over 4 years, it took him but 1 month to discover that it would not, even after adjustments and replacement of parts, satisfactorily harvest his raspberry crop. Much of Schirmann's crop was lost as a result of the machine's disappointing performance —a performance so significantly deficient that the trial judge concluded that there had been a breach of an implied warranty of fitness for the harvester's intended purpose. Schirmann decided that he had given the machine a fair trial and asked Agricultural Sciences to take it back.

The parties do not dispute that they terminated the lease. They sharply disagree, however, about whether they also

terminated Schirmann's right to assert damages for Agricultural Sciences' breach of contract.

The judge to whom the case was tried concluded that Schirmann had forfeited his right to recover damages from Agricultural Sciences, but the findings of fact do not clearly establish the basis upon which he made his determination. The findings state,

> At the conclusion of the raspberry season, about August 1, 1966, [Schirmann] agreed in a telephone conversation with [Agricultural Sciences'] employee, Larry Parsons, that [Agricultural Sciences] could pick up the machine in Whatcom County, Washington, and return it to Portland, Oregon; that [Agricultural Sciences] would return to [Schirmann] his $2,500 deposit less costs of shipping the machine both ways, and that the lease agreement be *mutually abandoned.*

(Italics ours.) Finding of fact 3.

Schirmann contends in his brief, "Such abandonment terminates or discharges the lease for purposes of further performance, but keeps it alive for the purposes of supporting an action and measuring a recovery." The trial judge, according to Schirmann, did not find that Schirmann agreed to release Agricultural Sciences from liability for his damages as part of the "abandonment" of the lease agreement. Schirmann therefore complains of the judge's refusal to render judgment against Agricultural Sciences for the amount of damages caused by its breach.

█ If an oral or written memorandum decision is consistent with the findings of fact, an appellate court may resort to the decision to clarify the findings. *Heikkinen v. Hansen,* 57 Wn.2d 840, 360 P.2d 147 (1961); *Grange Ins. Ass'n v. Eschback,* 1 Wn. App. 230, 460 P.2d 690 (1969). In this case the judge filed an extensive written memorandum decision which clarifies his formal finding that the parties had "mutually abandoned" the lease agreement. The opinion states,

> Upon conflicting evidence, I find that the parties mutually agreed to terminate completely this existing lease, discharging both parties from further obligations thereon

upon the condition that the machine would be returned to [Agricultural Sciences] and that [Schirmann] would have his $2500.00 deposit, less cost of shipping the machine both ways, returned to him, and that such rescission was agreed to by both parties prior to the bringing of this action. . . .

. . .

The parties had made their new agreement cancelling out the old one and had acted under it prior to commencement of this action. Their actions up to that point are so inconsistent with any other conclusion than that *they intended to relieve both parties of any liability on the agreement,* that they speak louder than words.

(Italics ours.)

▉ When the finding is read in the light of the memorandum decision, it is clear that the judge made a *factual determination* that the parties intended to extinguish both their executory promises and their claims for damages under the discarded lease agreement. Since the finding is supported by substantial evidence,[1] it will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

In view of our disposition of the case to this point, it is unnecessary to consider Schirmann's remaining assignments of error.

The judgment is affirmed.

FARRIS and SWANSON, JJ., concur.

---

[1] Larry Parsons' recollection of the termination of the lease agreement is that he and Schirmann agreed to "nullify it" or "just forget it." Another employee of Agricultural Sciences, Dennis Chafin, testified that

As far as I remember the conversation, Mr. Schirmann asked for the $2500.00, because he needed the money, and we said, "All right. We will give you that, minus the shipping charges. We will give that back to you, and this will wash us out completely.", and he said, "Well, that's fine."