[No. 4320–1.   Division One.   June 13, 1977.]

*In the Matter of the Marriage of* PATSY ANN YATES,
*Respondent, and* EARL E. YATES,
*Appellant.*

*Allen Lane Carr, Inc., P.S.,* and *Allen Lane Carr,* for appellant.

*Peterson, Bracelin, Young & Putra* and *Jan Eric Peterson,* for respondent.

JAMES, J.—This appeal concerns the division of community property in a marriage dissolution decree. Appellant husband assigns error to the trial judge's failure to allow him interest for a lien imposed in his favor upon the family home which was awarded to the respondent wife. Appellant asserts that the trial judge's failure to assign a sound reason for determining that the lien should be "non–interest bearing" was an abuse of discretion and reversible error.

We do not agree.

Appellant relies upon the cases of *Berol v. Berol,* 37 Wn.2d 380, 223 P.2d 1055 (1950) and *Ovens v. Ovens,* 61

Wn.2d 6, 376 P.2d 839 (1962) to support his contention that we should modify the decree to provide that he be allowed interest at the statutory rate of 8 percent from the date of the decree until the lien is satisfied.

The holding in the two cases cited by appellant is that "it is an abuse of discretion, in the absence of a sound reason, to fail to provide for interest upon deferred payments allowed in an equitable division of property." *Ovens v. Ovens, supra* at 10.

■ While the formal findings of fact in this case provide only that the lien will not bear interest, the trial judge's oral opinion discloses that he had a "sound reason" for his determination. When a trial judge's oral opinion is consistent with the formal findings of fact, it may be utilized by an appellate court to clarify the findings. *Schirmann v. Agricultural Sciences, Inc.,* 2 Wn. App. 322, 467 P.2d 865 (1970). The oral opinion reveals that the trial judge carefully evaluated the tangible and intangible considerations which confronted him in his effort to minimize the trauma of the marriage dissolution upon the parties and their minor children. When read in its entirety, the trial judge's oral opinion clearly establishes that his decision that the lien should not bear interest was made advisedly and was neither capricious nor arbitrary.

Affirmed.

FARRIS, C.J., and SWANSON, J., concur.