[No. 4254–1. Division One. July 18, 1977.]

*In the Matter of the Marriage of* JANET M. YOUNG, *Appellant, and* RICHARD L. YOUNG, *Respondent.*

*Edwards, Wetherall & Barbieri* and *Robert G. Sieh,* for appellant.

*Short, Cressman & Cable* and *James A. Oliver,* for respondent.

PER CURIAM.—Janet M. Young appeals from a judgment entered in a dissolution proceeding.

The sole issue on appeal is whether the trial court abused its discretion when it failed to provide for the payment of interest on a deferred property award.

The facts are undisputed. The trial court found that, after 21 years of marriage, the parties had accumulated community property valued at $157,750. This included a community interest in Image Control Systems, Inc., valued at $114,000. The trial court determined that the community property should be divided equally, with each receiving

$78,875. The court awarded the husband the community interest in Image Control Systems, Inc., and other properties worth $21,925, for a total of $135,925. The wife was awarded specific property valued at $21,825. In compensating the wife for the remaining interest of $57,050, the trial court ruled that she should be paid as follows:

(1) Commencing on January 1, 1976, and continuing until January 1, 1979, respondent–husband shall pay to petitioner–wife the sum of $6,000.00 per year, payable as follows:

| | |
|---|---|
| January 1, 1976 | $3,000.00 |
| July 1, 1976 | 3,000.00 |
| January 1, 1977 | 3,000.00 |
| July 1, 1977 | 3,000.00 |
| January 1, 1978 | 3,000.00 |
| July 1, 1978 | 3,000.00 |

(2) Commencing on January 1, 1979, and continuing until January 1, 1982, respondent–husband shall pay to petitioner–wife the sum of $9,000.00 per year, payable as follows:

| | |
|---|---|
| January 1, 1979 | $4,500.00 |
| July 1, 1979 | 4,500.00 |
| January 1, 1980 | 4,500.00 |
| July 1, 1980 | 4,500.00 |
| January 1, 1981 | 4,500.00 |
| July 1, 1981 | 4,500.00 |

(3) On January 1, 1982 there will be a principal balance due of $12,050.00. Said judgment is without interest unless respondent–husband becomes delinquent in one or more of his payments, in which event the delinquent amount shall bear interest at the rate of (8%) percent per annum.

Finding of fact No. 4D. The wife contends the trial court erred in failing to award interest on the deferred property award. We disagree.

■ The trial court is vested with wide discretion in making a division of property in a dissolution action. *In re Marriage of Nicholson,* 17 Wn. App. 110, 561 P.2d 1116 (1977); *Davis v. Davis,* 13 Wn. App. 812, 537 P.2d 1048 (1975). As we stated in *In re Marriage of Clark,* 13 Wn. App. 805, 810, 538 P.2d 145 (1975):

The key to an equitable distribution of property is not mathematical preciseness, but fairness. This is attained by considering all of the circumstances of the marriage, past and present, with an eye to the future needs of the persons involved. Fairness is decided by the exercise of wise and sound discretion not by set or inflexible rules. We will not interfere with the trial court's disposition of property unless there has been a manifest abuse of discretion, *i.e.,* no reasonable man would have ruled as the trial court did. *In re Marriage of Nicholson, supra; Richards v. Richards,* 5 Wn. App. 609, 489 P.2d 928 (1971).

 In making a property division, it is not always possible to conveniently effectuate a "present allocation of property to each party, and in a proper case, the property may be awarded to one with a duty to make compensating payments to the other, . . ." *Thompson v. Thompson,* 82 Wn.2d 352, 357–58, 510 P.2d 827 (1973). In *Berol v. Berol,* 37 Wn.2d 380, 383, 223 P.2d 1055 (1950), the court stated:

[W]hile in a divorce case the trial court may, in a proper exercise of its discretion, reduce the rate or eliminate interest entirely on deferred payments which are part of the adjudication of property rights, there should be some apparent reason for giving one spouse the use, for business purposes, of the money of the other without interest or at less than the statutory rate.

In *Ovens v. Ovens,* 61 Wn.2d 6, 10, 376 P.2d 839 (1962), the court found an abuse of discretion when the record did not indicate a sound reason why interest was not included on the deferred award. *See In re Marriage of Yates,* 17 Wn. App. 772, 565 P.2d 825 (1977). We find the *Berol* and *Ovens* cases to be distinguishable.

The trial court stated in its oral opinion:

I realize that there is great concern by both parties just how Mrs. Young is to be reimbursed for this share of the community estate. She, of course, would like to have all of it now and he, on the other hand, is willing to pay something but would like to stretch those payments out as long as he possibly can. I just want to say in passing that this is not a deposit in a bank to which Mr. Young has access and can withdraw sufficient funds to pay Mrs.

Young her share. He cannot sit down and clip coupons or cash bonds or whatever it might be. This reimbursement must come from the income of Image Control Systems, . . .

The trial court heard evidence concerning the financial condition of Image Control Systems, Inc. There was evidence that the company was heavily indebted, and would continue to have borrowing needs in the future. Although the husband received a net salary of approximately $1,218 per month from Image Control Systems, his salary is set by a bank as a condition to its lending money to the corporation. His salary cannot be raised without further borrowing. In considering the financial status of Image Control Systems, Inc., and the husband's ability to pay interest on the deferred award, we cannot say that no reasonable man would have ruled as the trial court did. Accordingly, we find no abuse of discretion.

The wife also requests an award of attorney's fees incurred on appeal. RCW 26.09.140 provides in part that "[u]pon any appeal, the appellate court may, in its discretion, order a party to pay . . . attorney's fees . . ." In determining whether attorney's fees should be awarded, the needs of the requesting party should be balanced against the other party's ability to pay. *Bowman v. Bowman,* 77 Wn.2d 174, 459 P.2d 787 (1969); *In re Marriage of Nicholson, supra; In re Melville,* 11 Wn. App. 879, 526 P.2d 1228 (1974); *Cleaver v. Cleaver,* 10 Wn. App. 14, 516 P.2d 508 (1973). In considering the record before us, we find that the wife has not shown an inability to pay. Accordingly, her request for attorney's fees is denied. The parties shall bear their own costs on appeal.

Affirmed.