[No. 3431-2.   Division Two.   December 4, 1979.]

KITSAP COUNTY BANK, *Respondent,* v. WILLIAM B. LEWIS, ET AL, *Appellants.*

*James P. Kintner,* for appellants.

*Gary T. Chrey,* for respondent.

PETRIE, J.—Defendants appeal from an order directing that interest chargeable on a judgment previously entered be fixed at the rate of 10 percent per annum. We reverse and direct that the judgment shall bear interest at the statutory rate of 8 percent per annum as provided by RCW 4.56.110(2).

In 1973 plaintiff bank sought and obtained a judgment against defendants based on five promissory notes previously executed by defendant William B. Lewis in favor of the bank. Three of the notes, as set forth in the complaint, provided for payment of interest at the rate of 10 percent per annum, and the other two, as set forth in the complaint, provided for interest at the rate of 1 percent per month. The trial court granted plaintiff's motion for summary judgment and, on November 16, 1973, entered judgment on the five claims, setting forth an amount due on each claim after applying the appropriate prejudgment interest rate to the principal balance due on each note. The court also established reasonable attorney's fees in the

amount of $300 on each of four claims and $150 on the remaining claim.

The judgmental language which caused this postjudgment dispute pronounces that it is

> ORDERED, ADJUDGED and DECREED that plaintiff be, and it hereby is, awarded judgment against the defendants, individually and as a marital community, in the following amounts on each of its five claims *as set forth in the Complaint filed herein . . .*[1]

(Italics ours.)

When asked to interpret the 1973 judgment, the trial court concluded that the postjudgment interest rate was 10 percent per annum pursuant to RCW 4.56.110. Insofar as pertinent hereto, that statute provides:

> Interest on judgments shall accrue as follows:
> (1) Judgments founded on written contracts, providing for the payment of interest until paid at a specified rate, shall bear interest at the rate specified in such contracts, not in any case, however, to exceed ten percent per annum: *Provided,* That said interest rate is set forth in the judgment.
> (2) Except as provided under subsection (1) of this section, judgments shall bear interest at the rate of eight percent per annum from the date of entry thereof: . . .

When a judgment does not contain a recital as to the rate of interest it shall draw, the judgment bears interest at the rate specified in subsection (2) of RCW 4.56.110. *Palmer v. Laberee,* 23 Wash. 409, 63 P. 216 (1900). In the case at bench, however, the bank asserts that the judgment should bear interest at the rate of 10 percent per annum, as provided in the first subsection of RCW 4.56.110, because the judgment incorporated by reference the interest rate specified on the several notes (insofar as allowable by statute) as set forth in the five claims of the complaint. We do not so interpret the judgment.

██ We note, initially, that a judgment should be complete in itself and should contain any instructions the

---

[1]The judgment was presented to the court by the bank's counsel, not its present counsel.

court considers the facts and law justify. *Andreas v. Bates,* 14 Wn.2d 322, 128 P.2d 300 (1942). Additionally, the court in 1973 did not incorporate by reference the amount of the principal and prejudgment interest as set forth in the complaint; rather, the exact amount of principal and prejudgment interest was set forth in the judgment as to each claim. Neither did the court incorporate by reference the amount of reasonable attorney's fees as requested in each claim; rather, a precise amount was set forth in the judgment as allowable for an attorney's fee for each claim even though the court accepted the plaintiff's request therefor as set forth in each claim of the complaint. It would be inconsistent, on the one hand, to identify specific amounts of principal and prejudgment interest due and to assert specific amounts allowed for attorney's fees, and, on the other hand, to incorporate by reference to the pleadings, the rate of postjudgment interest. The simple, inescapable fact is that no reference to postjudgment interest appears at any place on the face of the judgment.

The bank also attempts to support its assertion by filing an affidavit executed by its attorney who presented the 1973 judgment to the court. That affidavit provides, in part, counsel's recital that

> it was my understanding and intent to obtain for the plaintiff herein the interest rate of 10% per annum on its Judgment herein.

If the intent of the drafter of the judgment was to obtain 10 percent interest for his client, the document should have specifically so stated. *See Peterson v. Pacific First Fed. Sav. & Loan Ass'n,* 23 Wn. App. 688, 598 P.2d 407 (1979).

Additionally, the bank appears to support its assertion by pointing to the findings of fact entered by the court in 1973 at the time summary judgment was granted. Those findings, of course, are considered surplusage only. *Duckworth v. Bonney Lake,* 91 Wn.2d 19, 586 P.2d 860 (1978); *Washington Optometric Ass'n, Inc. v. County of Pierce,* 73 Wn.2d 445, 438 P.2d 861 (1968). In any event, those findings make no reference to postjudgment interest.

Judgment reversed with direction to allow postjudgment interest at the rate of 8 percent per annum pursuant to RCW 4.56.110(2).

PEARSON, C.J., and SOULE, J., concur.

Reconsideration denied January 7, 1980.

Review denied by Supreme Court March 7, 1980.