Jane PRIMROSE, Appellant,

v.

Ben Hulsey PRIMROSE, Appellee.

No. 57100.

Court of Appeals of Oklahoma, Division No. 4.

April 12, 1983.

Released for Publication by Order of the Court of Appeals May 13, 1983.

---

Arnold D. Fagin and Donita C. Bourns, Fagin, Hewett, Mathews & Fagin, Oklahoma City, for appellant.

James A. Kirk and G. Phil Harney, Linn, Helms, Kirk & Burkett, Oklahoma City, for appellee.

STUBBLEFIELD, Judge.

This is an appeal in a divorce action. Plaintiff, Jane Primrose, alleges error by the trial court on three counts; first, in the failure of the trial court to provide for interest on periodic payments of alimony in lieu of property division; second, in the failure of the trial court to provide support alimony; and finally, in the failure of the trial court to order defendant, Ben Hulsey Primrose, to pay plaintiff's attorney fees.

I

The record in this case reveals few facts not in controversy. It was established, however, that the parties were married in August 1959 shortly after plaintiff had obtained her B.A. in Home Economics from the University of Oklahoma and just prior to defendant entering his senior year at the same institution. During the ensuing years the marriage produced four children, who, at the time of the divorce, ranged from 17 to 12 years of age.

On September 10, 1980, plaintiff filed a petition for divorce in the District Court of Oklahoma County, alleging that a state of irreconcilable incompatibility had arisen in the marriage as a result of the fault of defendant. This matter came on for trial on March 30, 1981, and, as a result of the highly contested questions involved, covered portions of seven days of testimony. The evidence presented at trial covered many areas, but chiefly involved: the question of fault from which the incompatibility arose; the valuation of the marital estate; the contribution of plaintiff to the value of the

estate; and the needs of plaintiff to maintain the style of living to which she was accustomed.

As to the question of fault, plaintiff had maintained, and presented evidence in an attempt to establish, that the incompatibility arose from defendant's interest in another woman. Defendant countered this contention with evidence that the incompatibility had arisen over the course of the years through a natural divergence in interests. His evidence tended to show that his primary interest lay with his various business enterprises and plaintiff's interests lay in spending money. At the conclusion of the proceedings the trial court found no fault and granted a divorce to both parties on the grounds of incompatibility.

On the question of the valuation of the marital estate both sides presented very extensive testimony. Both plaintiff and defendant employed and presented the testimony of independent appraisers who had placed valuations on the various properties that had been accumulated during the course of the marriage. Additionally, both parties employed and presented testimony of CPAs on the questions of value and earning potential, as well as actual earning performance, of the various business entities and on the assets and liabilities of the parties. Defendant then, through his own testimony, presented yet another set of figures on the net worth of the marital estate and its earnings potential.

In the trial court's memorandum opinion it was noted that the various valuations given for the net worth of the marital estate ranged from $4,712,649 given by plaintiff's CPA to $3,536,231 given by defendant himself. Using the benefit of the various valuations the trial court awarded plaintiff property which the trial court valued at $525,775 including the parties' home, and alimony in lieu of property division in the sum of $1,435,833 to be paid in periodic payments over the course of 18 years and to be secured by a lien on defendant's business entities.

The trial court acknowledged that the parties' marital estate had been built by the hard work and business acumen of defendant while plaintiff's efforts had been primarily directed at maintaining a household.

## II

Plaintiff, on appeal, does not challenge the propriety of the property division by the trial court, but does challenge the refusal of the trial court to grant interest on the deferred payments of the $1,435,833 alimony in lieu of property settlement, or in the alternative, to order the lump sum payable presently. Plaintiff contends that the trial court's refusal to grant either of these alternatives constituted an abuse of the trial court's discretion in that it grants defendant the use of property granted to plaintiff without compensation to plaintiff, and that it results in a true value of award to plaintiff, which, when reduced to present value, is substantially less than the amount decreed by the trial court.

It should be initially stated that, in a divorce proceeding, the net marital estate need not be equally divided in order to arrive at an equitable division. *Stansberry v. Stansberry*, Okl., 580 P.2d 147 (1978). Our review on appeal is limited to the question of whether the trial court, in making the division it did, abused the discretion vested in it concerning such property division.

In the case of *Price v. Price*, Okl., 484 P.2d 532 (1971), the trial court had awarded alimony in lieu of property division in the amount of $50,000 payable in monthly payments over a period of 115 months without interest. The Supreme Court of Oklahoma stated that the trial court had not abused its discretion in entering this order, pointing to the fact that this sum represented a one-half interest in the stock of the corporate business which comprised a large portion of the marital estate, the acquisition of which had been made possible by the efforts of the husband. It was also pointed out that any other solution would have put the corporate business in jeopardy. Plaintiff here has gone to great lengths to attempt to distinguish the

present case from *Price* on three bases: first, that *Price* involved a fiscally unsound company while those presently involved are fiscally successful and sound; second, that the difference between $50,000 payable over 10 years and $1.4 million payable over 18 years itself obviates a comparison of the cases; and third, that the changing economic picture since 1971 dictates a different view of the equities involved.

In response to plaintiff's initial statement it should be pointed out that the court in *Price* stated that it would be a hardship if the defendant there were not allowed to pay out the sum of money in installments, especially in view of testimony of the defendant showing impending hazards to his business. Plaintiff counters this with the claim that all of the testimony showed the Primrose entities to be successful and sound. Plaintiff's assessment of the record is only partially correct. The trial court was also presented with testimony which tended to establish that, while the entities were fiscally sound, they could not support a great deal of debt, and that impending changes in federal regulations could have a detrimental effect on some of these entities.

The plaintiff's second and third grounds are equally unpersuasive. We fail to see a reason which dictates a different weighing of equities merely because the parties to this divorce have a greater estate to divide. The reasoning of *Price* seems equally valid as applied to the division here. The proportions of the estate divided are almost identical and this would seem to dictate the same view of the equities. Likewise the reasoning regarding the changing economic picture is not persuasive. Plaintiff has attempted to contrast for us present conditions with the economic conditions existing in 1971 and has stated that in view of those conditions in 1971 the trial court in *Price* probably did not feel justified in granting interest on the property division. The force of plaintiff's argument has lessened even in the time since her brief has been written. Inflation and the prime interest rate are again on the decline. This court, no more than the trial court, should not attempt to engage in judgments based upon an as-

sumption that a certain economic trend is going to continue to be the rule in view of the total inconsistency and unreliability of such forecasting.

Plaintiff, additionally, has cited authority from other jurisdictions to the effect that the refusal to grant interest on the deferred payment of such a property division is an abuse of the trial court's discretion. The sole case cited which justifies this conclusion on the basis of the equities involved rather than upon statutory grounds or which does not treat the subject as dicta, is *Ovens v. Ovens,* 61 Wash.2d 6, 376 P.2d 839 (1962). The court in *Ovens* stated:

"We adhere to the rule announced in *Berol v. Berol,* 37 Wash.2d 380, 223 P.2d 1055 (1950), that it is an abuse of discretion, in the absence of a sound reason, to fail to provide for interest upon deferred payments allowed in an equitable division of property. In the instant case, as in the cited case, there is no apparent reason why the respondent should have the use of appellant's award without interest."

This statement was somewhat clarified in the case of *In re Marriage of Yates,* 17 Wash.App. 772, 565 P.2d 825 (1977). In that case it was emphasized that, where there is a "sound reason" for the trial court not to order interest, it is not an abuse of discretion to fail to provide for interest on deferred payments.

We feel that this statement from the case of *Williams v. Budke,* 606 P.2d 515 (Mont. 1980), offers some guidance in the present case:

"This is not to say that the Court may not, in its original decree, provide that interest shall not be payable as to a part of its award. Circumstances may exist when it would be inequitable to award interest, particularly in cases involving property settlement agreements, where the property division to one of the spouses requires installment payments. Thus, as appellant points out, in *In re Marriage of Brown* (1978), Mont. [179 Mont. 417], 587 P.2d 361, 35 St.Rep. 1733, we suggested to the District Court, in remanding a

decision to the District Court, that the wife's payments could be made in installments without interest. Such a provision may often be necessary where the spouse having to make the payments under the dissolution decree is possessed of nonliquid assets, and the reason for the installment payments arises from the character of the property rather than the availability of monies. See for example, *Griffin and Griffin* (1978), 34 Or.App. 765, 579 P.2d 885; *Martin v. Martin* (Okl.1960), 350 P.2d 270 . . . ."

In the present case the trial judge apparently weighed the nature of the property constituting the marital estate and determined that it was of such a character that the most equitable means of effectuating a property division was in the manner ordered. The alternatives requested of the trial court by plaintiff of either ordering an immediate payment or providing for interest would have resulted in either a forced dissolution of the business empire which had been built solely through the hard work and acumen of defendant or a situation where the interest on the settlement would have amounted to a perpetual judgment in favor of plaintiff. This latter result would again most likely have resulted in the forced dissolution of defendant's businesses in order to get out from under such an onerous burden.

The division ordered by the trial court cannot be said to be inequitable because it results in an unequal division of property. *Stansberry v. Stansberry, supra.* And, considering the nature of the marital estate, and the nature of the alternatives available to the trial court, we cannot say that the trial court abused its discretion in refusing to order interest payable on the deferred installment payments of alimony in lieu of property division. *Price v. Price, supra.*

### III

Plaintiff's second proposition of error alleges that the trial court abused its discretion in failing to provide support alimony for her. Plaintiff alleges that the $70,000 per year payments on the property division aspect of the decree leave her with relatively little support. Plaintiff also points out that the trial court failed to award her any of the income producing property from the marital estate. Plaintiff, however, fails to point out that she specifically requested the trial court not burden her with such business interests that would require management.

The provision of support alimony is justified to provide maintenance only. *Ward v. Ward,* Okl., 317 P.2d 254 (1957). In the present case plaintiff argues that this maintenance should be at the level to which she had become accustomed during the marriage. This argument may have some merit under certain circumstances. However, it is apparent that the trial court considered the proposed monthly budget presented by plaintiff, which she maintained would allow her and the children to continue their current standard of living, and, disallowing claims which other provisions of the divorce decree rendered nugatory, determined that plaintiff's income from the property division would more than meet plaintiff's requirements. The trial court apparently determined that under the circumstances there was no need for support alimony, and we believe in that regard that the state of the law has not changed—support alimony is proper only where there is a need.

Plaintiff cites the case of *DeRoin v. DeRoin,* 198 Okl. 430, 179 P.2d 685 (1947), for the proposition that it was error for the trial court to view the property award to plaintiff as a substitute for support alimony. The case does not support this proposition. The court in *DeRoin* stated that an award of support alimony is not precluded by the fact that the income from wife's separate property is sufficient for her maintenance where the facts and circumstances of the case determine such an award to be equitable. The facts in *DeRoin* which justified the award of support alimony were that the wife in that case had supported her husband and provided his care and housing through the term of the marriage from her own funds even though he had also had a

substantial income. The equities in the present case fall in a different pattern.

■ The question of the provision of support alimony is one of equitable cognizance and the trial court's decision should not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. *Peters v. Peters,* Okl., 539 P.2d 26 (1975). A careful review of the evidence in light of the decree entered by the trial court leads to no other conclusion than that the trial court's decision not to provide for support alimony for plaintiff *is* supported by the clear weight of the evidence.

### IV

■ Plaintiff's final contention is that the trial court committed error in failing to award her attorney fees.

We find the reasoning in the case of *Gardner v. Gardner,* Okl.App., 629 P.2d 1283 (1981), to be both persuasive and determinative. The court in *Gardner* stated:

"A better rule would be that where there is substantial property available, and where both parties reasonably litigate their problems in a divorce case and reasonably expend money and time to efficiently prepare their case, that each party should be required to pay their own attorney's fee and expenses of litigation...."

Plaintiff in the present case was awarded, other than the parties' home given free of mortgage, property valued at $200,775. Additionally, defendant was ordered to pay plaintiff $105,833 in cash on the alimony in lieu of property division provision within the first 75 days after the trial court entered its initial memorandum opinion in the case. It is clear that there is substantial property available to plaintiff to pay her own attorney fees.

■ A review of the facts and testimony in this case reveals a thoroughly litigated controversy. Plaintiff, however, has failed to show that defendant in any way caused her costs of this litigation to be increased through non-cooperation or otherwise. The trial court should consider the

parties and all of the circumstances of the case, including the means of each under the terms of the property division. Then, before the trial court's order regarding attorney fees will be disturbed, it must clearly appear that the trial court abused its discretion in making its order. *Phillips v. Phillips,* Okl., 556 P.2d 607 (1976). In view of the facts and circumstances of this case we cannot say that the trial court abused its discretion by ordering each of the parties to pay their respective attorney fees.

### V

The judgment of the trial court is hereby affirmed in all respects with all costs of appeal to be borne by the respective parties.

BRIGHTMIRE, P.J., and DeMIER, J., concur.