[No. 7604–7–II.   Division Two.   July 29, 1986.]

*In the Matter of the Marriage of* CALVIN LEMUEL YOUNG III, *Appellant, and* PAULINE FRANCES YOUNG, *Respondent.*

*Brian L. Meikle* and *Girolami, Edmondson, Poole & Wood,* for appellant.

*Elizabeth Pike Martin* and *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* for respondent.

PETRICH, J.—Calvin Young appeals a superior court order clarifying an earlier decree of dissolution.[1] The order under review interpreted the dissolution decree so as to deny the allowance of interest on the award of a lien on the family home that was set over to Pauline Young in the earlier decree. The issue raised on appeal is whether interest does or does not accrue on the amount of a lien on the family home from the date of the decree when the decree fails to include any provision relating to interest and the obligation that the lien secures is deferred to a future date. We conclude that statutory interest does not automatically accrue from the date of the decree on the amount of a lien imposed to secure an obligation due at a future date if the decree is silent on interest. Further, a provision which is silent on whether interest will accrue on such a lien constitutes a denial of interest. Accordingly, we affirm.

The 9–year marriage of Pauline and Calvin Young was dissolved April 28, 1980. The court awarded Mrs. Young the family home, which then had an equity of $23,864. Mr. Young was awarded a $10,000 lien on the home, which

> shall be paid when the house is sold, or within one year after the youngest child becomes self–supporting or emancipated, or if the respondent and minor children no longer reside in the family home, or if a foreclosure action is taken against the family home.

The decree did not specify whether the lien would accrue interest until any of the specified events occurred.

---

[1]The motion to clarify was presumably made pursuant to the Uniform Declaratory Judgments Act, RCW 7.24. A declaratory judgment may be used to interpret a dissolution decree if the language of the decree is ambiguous. *In re Marriage of Mudgett,* 41 Wn. App. 337, 340, 704 P.2d 169 (1985). The decree, however, would be subject to the same rules of construction as would apply in other declaratory judgment actions involving written instruments.

On January 17, 1980, before signing the decree, the judge sent a letter to the parties' attorneys, setting forth reasons for the findings of fact and conclusions of law. He noted the disparity in the respective incomes and financial resources of the parties, specifically Mr. Young's $1,800 per month income and Mrs. Young's $400 per month income. He also stated that it was impossible for Mrs. Young to cash out on the equity or to secure financing to pay the $10,000 award.

Approximately 4 years later Mrs. Young moved for an order to clarify the decree as to whether interest had accrued on the $10,000 award secured by the lien. In January of 1984, the same judge heard the motion. After referring to the letter he had written in 1980, the judge entered an order January 27, 1984, specifying that the award was without interest.

Mr. Young contends that the $10,000 lien on the home should accrue interest from the time the decree was entered until the lien is satisfied. He argues that a decree obligating a spouse to pay a specified sum to effectuate a property division is the same as a judgment for a like sum and must therefore automatically bear interest at the statutory rate. *Smith v. Smith*, 63 Wash. 288, 290, 115 P. 166 (1911). A court may deny interest in its proper exercise of discretion, but Mr. Young argues that if the decree is silent, interest automatically accrues at the rate specified in RCW 4.56-.110.[2] We disagree.

A judgment of a court of record that requires payment of money may be enforced by execution. RCW 6.04-.030. Such a judgment accrues interest at the statutory rate from the date of entry of the judgment if an interest rate is not otherwise specified. *Kitsap Cy. Bank v. Lewis*, 24 Wn. App. 757, 603 P.2d 855 (1979). A decree of dissolution is a judgment. *Smith v. Smith*, 63 Wash. at 290. Therefore, a party awarded a lump sum in a dissolution decree may execute on the judgment from the date of its entry. *See Swanson v. Graham*, 27 Wn.2d 590, 599, 179 P.2d 288

---

[2]Laws of 1969, ch. 46, § 1, subsequently amended.

(1947). However, when performance of the award is deferred to a future date, execution must also be deferred. For example, installment payments for alimony ordered in a dissolution decree become judgments capable of being executed upon only when they accrue and are unpaid. *Swanson v. Graham,* 27 Wn.2d at 597; *Starkey v. Starkey,* 40 Wn.2d 307, 314, 242 P.2d 1048 (1952).

A lien is an encumbrance upon property, which secures payment of a debt but confers no property rights or title on the holder. *Kinne v. Kinne,* 27 Wn. App. 158, 617 P.2d 442 (1980); *Swanson v. Graham, supra.* The lien at issue will become a judgment capable of being executed upon only (a) when the house is sold, (b) within 1 year after the youngest child becomes self–supporting or emancipated, (c) if Mrs. Young and minor children no longer reside in the home, or (d) in the event a foreclosure action is taken against the home. Only when the lien is capable of being executed upon will it become a judgment entitled to statutory interest.

Our position is consistent with the reasoning in *Smith v. Smith, supra,* in which the court concluded that a decree of dissolution has the same effect, rights and privileges of a judgment, but held that interest would accrue at the statutory rate on a dissolution award, not from the date of entry of the decree but from the date the husband was required to pay the sum to the wife. *Smith v. Smith,* 63 Wash. at 289. In a comparable but not identical situation, a Colorado court held that statutory interest would not accrue on a promissory note representing a property division award from the time of entry of the decree. *In re Marriage of Lucas,* 631 P.2d 1175 (Colo. Ct. App. 1981). There, the court concluded as follows:

> A decree determining property rights in a dissolution proceeding is a final judgment. In this case, however, the judgment for husband was in the form of a non–interest bearing promissory note due at a future date. In the event the wife defaults on the note, husband would, at that point, be entitled to reduce the note to judgment and receive interest at the statutory rate.

*In re Marriage of Lucas,* 631 P.2d at 1177.

We conclude that a decree that imposes a lien on property incident to an equitable division of property, but defers the obligation to pay until a later date, does not become a judgment for purposes of RCW 4.56.110, at least until the obligation to pay arises.

We do not believe that a decree that is silent on whether an award will bear interest operates automatically to award interest. Mr. Young interprets *Ovens v. Ovens,* 61 Wn.2d 6, 376 P.2d 839 (1962) to hold that an award of a lien which is silent on interest automatically accrues interest. This interpretation is an unwarranted extension of the court's holding in that case.

In *Ovens v. Ovens,* the trial court awarded a $6,500 lien on property but made no provision whatever relating to interest on the amount of the lien. The Washington Supreme Court concluded as follows:

> We adhere to the rule announced in *Berol v. Berol,* 37 Wn. (2d) 380, 223 P. (2d) 1055 (1950), that it is an abuse of discretion, in the absence of a sound reason, to fail to provide for interest upon deferred payments allowed in an equitable division of property. In the instant case, as in the cited case, there is no apparent reason why the respondent should have the use of appellant's award without interest.

*Ovens v. Ovens,* 61 Wn.2d at 10. The court in *Ovens* made no distinction between an award with a provision specifically denying interest, as had been the case in *Berol v. Berol,* 37 Wn.2d 380, 223 P.2d 1055 (1950), and an award that is silent on interest. In following the *Berol* rule, the *Ovens* court thereby assumed that omitting any provision for interest was as much a denial of interest as is a specific denial of interest in the decree. We conclude that a decree that is silent on whether an award will bear interest amounts to a denial of interest on that award.[3]

---

[3]A denial of interest on a deferred award secured by a lien on property awarded to one spouse may result in an inequitable division of property so as to amount to an abuse of the court's discretion. *Ovens v. Ovens, supra; Berol v.*

Mrs. Young requests attorney's fees on appeal. This court may award attorney's fees under RCW 26.09.140 after balancing the needs of one party against the other party's ability to pay. *In re Marriage of Young,* 18 Wn. App. 462, 466, 569 P.2d 70 (1977). The record is devoid of any evidence as to the relative needs and abilities of the parties to pay attorney's fees during the time this appeal was pending. Her request is denied.

Judgment affirmed.

WORSWICK, C.J., and ALEXANDER, J., concur.

Reconsideration denied September 4, 1986.

*Berol, supra.* There is no contention here that a denial of interest would amount to an abuse of the court's discretion in dividing the property between the parties.