993 P.2d 271 (1999)
99 Wash.App. 144
In re the MARRIAGE OF Roger C. MOORE, Appellant, and
Judy E. Moore, now Kirk, Respondent.
No. 18210-0-III.
Court of Appeals of Washington, Division 3, Panel Four.
December 23, 1999.
Publication Ordered February 3, 2000.
Martin L. Salina, Salina, Sanger & Gauper, Spokane, for Appellant
Gary R. Stenzel, Stenzel & Price, Spokane, for Respondent.
*272 SWEENEY, J.
An award of half the community interest in a pension to be disbursed in the future creates a property interest in the pension, not a lien against the pension unless the dissolution decree specifies otherwise. The recipient is therefore entitled to the disbursement value of her share at the time of distribution, rather than its value at the time of the decree.
Roger Moore appeals the declaratory judgment to that effecthis former wife, Judy Kirk, is entitled to half his pension at the time of distribution. We affirm.

FACTS
Roger Moore and his former wife, Judy Kirk, represented themselves in divorce proceedings in 1982. In 1984, on Ms. Kirk's motion, the court revisited the decree. The court found the decree of dissolution "totally inequitable," and ordered a hearing. Following the hearing, it awarded the family home to Mr. Moore, but gave Ms. Kirk an interest in Mr. Moore's pension.
The court found that the community interest in the pension was 87 percent, or $42,781.48. It awarded Ms. Kirk half the community interest in the pension. It required Mr. Moore to make appropriate arrangements and execute all necessary documents to assure Ms. Kirk's right "to receive this portion of the pension" at such time as it is being distributed.
The court awarded the family home to Mr. Moore subject to a $10,000 lien in favor of Ms. Kirk. It set the interest rate at 10 percent per annum, payable at the earlier of when the home was sold or after three years. It also awarded Ms. Kirk attorney fees because of overreaching by Mr. Moore, and Ms. Kirk's need and Mr. Moore's ability to pay.
Thirteen years later, when Mr. Moore was ready to retire, he offered Ms. Kirk $21,390.74the value of half the community interest in the pension in 1985.
On March 27, 1998, Ms. Kirk moved for a declaration that she was entitled to her share of the current value of the pension. The court concluded that she received a property right in the pension, not a lien against it. It entered an order awarding Ms. Kirk 43.5 percent of the total pension funds, or one-half of the 1998 value of the 1985 community interest.
Ms. Kirk's request for attorney fees based on Mr. Moore's bad faith was denied.
Mr. Moore appeals, contending that the 1985 decree awards Ms. Kirk no more than a lien against the pension for $21,390.74, not its increased value. Ms. Kirk requests her costs and fees for responding to the appeal.

DISCUSSION
We review a declaratory order clarifying a property division for abuse of discretion. In re Marriage of Jennings, 138 Wash.2d 612, 625, 980 P.2d 1248 (1999).
When courts award a community asset to one party with a lien in favor of the other, the word "lien" is generally used. See In re Marriage of Mudgett, 41 Wash.App. 337, 338, 704 P.2d 169 (1985). Sale of the property is generally a condition precedent to accrual of the lien right. Byrne v. Ackerlund, 108 Wash.2d 445, 456, 739 P.2d 1138 (1987).
Mr. Moore contends the court effectively awarded Ms. Kirk a lien against his pension because the decree was silent on any award of increases in value. He argues that the value of Ms. Kirk's interest did not, therefore, increase between the date of the award and the disbursement. It was worth $21,390.74 in 1985, and that is what it is worth now. His authority for this contention is In re Marriage of Young.[1] In that case, the court held that a lien on property imposed incident to equitable division of property with a deferred obligation to pay does not accrue interest. In re Marriage of Young, 44 Wash.App. 533, 536, 723 P.2d 12 (1986). Mr. Moore takes this to mean that no property interest with deferred payment increases in value during the period of deferment. This is wrong.
The court's intention here is easily discernable by comparing its award of the interest *273 in the home to the pension award. The 1985 order contains a lien on the family home in favor of Ms. Kirk, and sets forth the terms and conditions for payment of the lien. But the court's order includes no language which would create a lien on the pension.
It awarded Ms. Kirk an interest in the pension corresponding to half the community interest in the pension's then present value. Ms. Kirk's interest in the future retirement benefits became her separate property upon entry of the decree. Farver v. Department of Retirement Sys., 97 Wash.2d 344, 348, 644 P.2d 1149 (1982). During the marriage, issues and profits of separate property are separate property. In re Marriage of Elam, 97 Wash.2d 811, 816, 650 P.2d 213 (1982); Hamlin v. Merlino, 44 Wash.2d 851, 859, 272 P.2d 125 (1954). The increase in value after dissolution, therefore, belongs to Ms. Kirk, absent a contrary expression in the decree. Puckett v. Puckett, 41 Wash.App. 78, 82-83, 702 P.2d 477 (1985) (surviving child entitled to increased value of life insurance policy her father was ordered to take out as part of property settlement).
The trial court appropriately concluded that Ms. Kirk owned a percentage of the pension proceeds, not just a lien, and was entitled to the present value when the pension proceeds were disbursed.
Attorney Fees. Mr. Moore does not oppose Ms. Kirk's request for her fees on appeal pursuant to RCW 26.09.140 and RAP 18.1. She timely filed a separate motion and declaration of need.
We award attorney fees if authorized by statute. RAP 18.1(a). The court has discretion to order fees on appeal based on need and ability. RCW 26.09.140; In re Marriage of Young, 18 Wash.App. 462, 466, 569 P.2d 70 (1977).
The court denied Ms. Kirk's request for fees below. She does not appeal the denial of fees below. RCW 26.09.140 does not, however, make fees on appeal contingent on an award of fees below. Ms. Kirk's financial declaration supports her need and Mr. Moore's ability to pay.
We affirm the judgment and award Ms. Kirk's appeal fees and costs.
SCHULTHEIS, C.J., and KATO, J., concur.
NOTES
[1] 44 Wash.App. 533, 723 P.2d 12 (1986).